Clyde E. GILLEY, Appellant,

v.

CITY OF ANCHORAGE, a Municipal
Corporation, Appellee.

No. 202.

Supreme Court of Alaska.

Dec. 1, 1962.

Albert Maffei, Anchorage, for plaintiff.

Burton C. Biss and Harland W. Davis, Anchorage, for defendant.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

In the district magistrate court the defendant, Gilley, was convicted of driving while intoxicated. On appeal to the superior court the judgment of conviction was affirmed. A further appeal has been taken to this court.

The defendant admits that the city's evidence, standing alone, was sufficient to convict him. But he contends that evidence he produced in defense was enough to create a reasonable doubt in the mind of the magistrate who tried the case, and therefore a judgment of acquittal ought to have been entered.

This argument assumes that the magistrate was obliged to believe all of the testimony produced by defendant, and to disbelieve the city's evidence which consisted of the testimony of the arresting officer. That was not required. From a review of the record it is apparent that the magistrate accepted as true what the police officer had to say, and did not choose to believe the testimony of the defendant and his witnesses. There is nothing tending to show that this was unreasonable or that the officer's testimony was not worthy of belief. It was the province of the magistrate to judge the credibility of the witnesses.[1] It is not the function of this court to set aside the judgment merely because the magistrate might have exercised that judgment differently. The evidence is sufficient to justify him in concluding, beyond a reasonable doubt, that the defendant was guilty.

Defendant claims it was error for the magistrate to base his decision in part

---

1. Chirikoff Island Cattle Corp. v. Robinette, Opinion No. 85, 372 P.2d 791, 794 (Alaska 1962).

on defendant's refusal to take the Harger test.[2] The only evidence of such refusal was a statement volunteered by the arresting officer to the effect that when defendant was asked if he would take that test he answered "why should I?" At the conclusion of the trial the magistrate said "I find the defendant guilty because frankly I don't believe him." He then went on to say "first place you didn't pass the test[3], and second place you refused the Harger test."

Defense counsel made no motion to strike the police officer's testimony regarding the Harger test. In fact, he had the officer reiterate the statement under cross-examination. When the magistrate made his remark, counsel voiced no objection. He did not mention the matter at all when he argued the case on appeal to the superior court. We perceive no plain error, and since the point was not raised in the courts below we shall not consider it.[4]

The judgment of the superior court is affirmed.

2. The Harger drunkometer is a breath-testing device which measures alcoholic content through absorption by a chemical reagent. The results indicate the percentage of alcohol in the circulating blood which is a measure of the degree of intoxication. The person tested is asked to breathe into an unused balloon which is then attached to the analyzing device. For a complete discussion of the Harger method and its purposes see People v. Kovacik, 205 Misc. 275, 128 N.Y.S.2d 492, 500-506 (1954).

3. Apparently what the magistrate meant by "test" was the physical coordination or balance test which the police officer administered to defendant at the time of the arrest.

4. McBride v. State, Opinion No. 66, 368 P.2d 925, 928 (Alaska 1962); Bowker v. State, Opinion No. 91, 373 P.2d 500, 505 (Alaska 1962).