John R. TRACEY, Appellant,

v.

STATE of Alaska, Appellee.

No. 373.

Supreme Court of Alaska.

May 1, 1964.

Peter LaBate, Anchorage, for appellant.

Robert C. Erwin, Dist. Atty., Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellant was found guilty by a jury of assault with a dangerous weapon. He appeals, contending that the trial court committed errors which call for a reversal of his conviction and the granting of a new trial.

The complaining witness, Mrs. Mildred Abeita, testified that on the night of January 24, 1963, a man whom she later identified as appellant forced his way into her house, grabbed her by the neck, and started choking her. She passed out during the attack, and upon regaining consciousness discovered that her face was bruised and that she was bleeding from a cut on her back. She was taken to a hospital where medical examination disclosed bruises and swelling on her face and a stab wound on

her back. Appellant denied the attack, stating that he had not been near the victim's house on the night in question.

During the trial Mrs. Abeita's husband was called as a witness by the prosecution. On cross examination he admitted to having been convicted for driving while intoxicated. The trial judge then told the jury that evidence of Abeita's conviction could be considered by them only insofar as it concerned the witness' credibility. An instruction to the same effect was given to the jury at the close of the trial.

Appellant's first point on this appeal is that it was error for the judge to admonish the jury as to the evidence of Abeita's conviction, because such an admonition amounted to an improper comment on the evidence. Appellant's counsel did not object to the judge's remarks to the jury or to the instruction given. Since the point was not raised below and we perceive no plain error, we regard the point as having been waived and will not consider it.[1]

Appellant's next point is that the trial court erred in admitting hearsay evidence over objection. Mrs. Abeita testified that her assailant, a Negro, was wearing a dark green uniform and a name plate which was so exposed that she could see the letters "T-r-a-c." She reported this to the police. During the trial the following discourse took place between counsel for the state and police officer Marlatt:

"Q. What else did you do in the course of your investigation Officer Marlatt.

"A. From there we secured there and went to the station where I called the M.P. desk at Fort Rich and the A.P. desk at Elmendorf Air Force Base and asked them to check their complete rosters of their men for the name T-r-a-c and any letters following this.

1. Gilley v. City of Anchorage, Opinion No. 114, 376 P.2d 484 (Alaska 1963); Bowker v. State, 373 P.2d 500, 504 (Alaska 1962); Ahlstrom v. Cummings, Opinion No. 183, 388 P.2d 261, 262 (Alaska 1964).

"Q. What else sir.

"A. With the possibility of this name belonging to a Negro, male of any status. The check proved negative on Elmendorf Air Force Base—

"MR. LA BATE: Objection, Your Honor, that didn't occur within the presence of this defendant. I think that's—

"THE COURT: Well, he hasn't said anything about any conversation. Objection is overruled.

"Q. Go ahead sir.

"A. The check proved negative on Elmendorf Air Force Base and on Fort Rich it turned up but one name, that of a Tracey and the age, color and creed etcetera was not known at this time.

"Q. Only one name of each base by the name of Tracey sir?

"A. Only one Tracey on Fort Rich and as I said, the color and creed etcetera was not known. There were two Traceys on Elmendorf but their rosters carried a complete description of each of their men and both of these were white males.

"Q. What else did you do in the course of the investigation sir.

"A. Left this information with the day shift detectives and that's about it.

"Q. Have anything else to do—any other thing to do with the investigation of this case sir.

"A. Not as I recall at this time.

"Q. You may cross examine."

Appellant contends that the testimony regarding the information Marlatt received over the telephone was inadmissible as hearsay. We disagree. The testimony was not offered to prove the truth of the facts disclosed to Marlatt on the telephone. It was offered without reference to its truth in order to show the process of police investigation and to lay a foundation for the testimony of police officer Shell, who next testified how the information Marlatt had procured led to appellant's arrest. The hearsay rule is not applicable.[2]

As his final point, appellant argues that the trial court erred in overruling his objection to a statement made by the prosecuting attorney during final argument.

█ Mrs. Abeita's testimony that appellant was her assailant had been corroborated by evidence that cloth fibers found on the sweater she was wearing at the time of the attack matched or were similar to fibers of a coat belonging to appellant, and that fibers found on appellant's coat matched or were similar to the fibers of Mrs. Abeita's sweater and slacks. During final argument to the jury the prosecuting attorney made the statement that appellant's coat "contained fibers of the sweater and pants of a woman who opened the door in the middle of the night." Appellant argues that the prosecutor's statement was improper because it was a misstatement of the evidence. We disagree. The evidence as to the similarity of the various cloth fibers gave rise to an inference that what the prosecutor stated to the jury was true. The facts stated were fairly deducible from the evidence, and were therefore within the range of permissible comment.[3]

The judgment is affirmed.

2. Watson v. State, Opinion No. 175, 387 P.2d 289, 293–294 (Alaska 1963).

3. See Anderson v. State, Opinion No. 156, 384 P.2d 669, 674 (Alaska 1963); Marrone v. State, 359 P.2d 969, 983 (Alaska 1961).