Marvin Arthur **NOFFKE**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 707.

Supreme Court of Alaska.

Jan. 13, 1967.

David H. Call and George M. Yeager, Fairbanks, for appellant.

Douglas B. Baily, Asst. Dist. Atty., and Thomas E. Fenton, Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., RABINO-WITZ, J. and SANDERS, Superior Court Judge.

RABINOWITZ, Justice.

During the course of their deliberations the trial judge sent a communication to the jury outside the presence of appellant and his counsel. Under the particular facts of this case, we hold that it was reversible error for the trial court to have communicated with the jury in the absence of appellant and his attorney.

In the superior court appellant was originally indicted on four separate counts of burglary not in a dwelling.[1] Subsequently

---

1. AS 11.20.100 of Alaska's Criminal Code defines the crime of burglary not in a dwelling in the following manner:

A person who breaks and enters a building within the curtilage of a dwelling house but not forming a part of it, or who breaks and enters a building or part of it, or a booth, tent, railway car, vessel, boat, or other structure or erection in which property is kept, with intent to steal or to commit a felony in it, is guilty of burglary, and upon conviction is punishable by imprisonment in the penitentiary for not less than two nor more than five years.

this indictment was consolidated with a separate indictment in which appellant was also charged with the commission of the crime of burglary not in a dwelling. Appellant was found guilty on two counts, not guilty on one count and obtained judgments of acquittal at the close of the state's case in chief as to two counts.

After the verdicts were returned, appellant moved to set aside the "judgment and conviction" and alternatively moved for a new trial.[2] The only basis urged in behalf of this motion was that the testimony of an accomplice was not corroborated. This motion was denied and appellant was sentenced to concurrent three year sentences on the two counts of burglary as to which he was found guilty.

The relevant factual background, as furnished by appellant, is that:

> While the jury was deliberating one or more of the jurors requested additional instructions from the Court. The exact instructions requested are not a matter of record, as the Court failed to reconvene. The bailiff delivered the jury's request to the judge, and he issued the following additional instructions. * *[3]

The communication which the trial judge sent to the jury reads, in its entirety, as follows:

> Instruction 6 contains the four (4) elements of the crime of Burglary, which does not include stealing necessarily.

> Instruction 7 contains definitions only.

> Whether transporting aids and abets is for the jury to determine under Instruction 11.[4]

From the record we have before us, it is undisputed that the request, by the jury, for additional instructions, and the foregoing communication to the jury, took place in the absence of, and without the knowledge of, appellant, his attorney, or the prosecuting attorney.

The provisions of Crim.R. 38 pertaining to the presence of the defendant are controlling here.[5] Where pertinent, this rule provides:

> The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules.

---

2. Appellant's counsel on this appeal did not represent appellant at the trial.

3. The quote is from appellant's brief. In its brief the State indicates that it concurs with appellant's statement of the case.

4. This communication as now found in the record appears as follows:

   > Instruction 6 *contains the four* (4) *elements of the crime of Burglary, which does not include stealing necessarily.*

   > *Instruction 7 contains definitions only:*

   > *Whether transporting aids and abets is for the jury to determine under instruction 11.*

   In his brief appellant states "(It is unclear whether the Court or a juror circled the phrase 'burglary does not include stealing necessarily.')" The following is stapled near the bottom of this communication:

   > Judge Hepp says the following notation should be placed on the bottom of this instruction:
   > *This writing was submitted to the jury through the bailiff in response to questions for further instructions asked by the jury.*
   > MD
   > 3/14/16

5. See also Crim.R. 30(a) which provides in part:
   > Instructions.
   > (a) Requested Instructions—Objections.
   > * * * The instructions shall be reduced to writing and read to the jury and shall be taken to the jury room by the jury. No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections. Opportunity shall be given to make the objection out of the hearing of the jury by excusing the jury or hearing objections in chambers.

This part of Crim.R. 38 is identical to the first sentence of Fed.R.Crim.P. 43. In Brown v. State [6] we said that since the first sentence of Crim.R. 38 is the same as the federal rule "Federal authorities will therefore be considered in its interpretation." In the *Brown* case, we also alluded to the fact that the first sentence of Crim. R. 38 represents a restatement of existing law based on Lewis v. United States.[7] In that case the Supreme Court of the United States said:

A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner.[8]

Central to appellant's argument that the trial court erred by sending this communication to the jury is his reliance upon the Supreme Court of the United States' decision in Shields v. United States.[9] There Shields had been charged with violations of the Prohibition Act. After the jury had been given the case for deliberation, counsel agreed that the judge should hold the jury until it reached its verdict. During the course of their deliberations, the jury informed the judge that it had reached verdicts as to some defendants, but that it was unable to agree as to Shields and two other defendants. The trial judge then informed the jury that they would have to determine whether Shields and the other defendants were guilty. These events occurred without the knowledge of, and outside the presence of, Shields and his attorney. In reversing Shields' conviction, the Supreme Court said:

'Where a jury has retired to consider of its verdict, and supplementary instruc-

tions are required, either because asked for by the jury or for other reasons, they ought to be given either in the presence of counsel or after notice and an opportunity to be present; and written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object.'

If this be true in a civil case, a fortiori is it true in a criminal case? The request made jointly by the counsel for the defendant and for the government to the court did not justify exception to the rule of orderly conduct of jury trial entitling the defendant, especially in a criminal case, to be present from the time the jury is impaneled until its discharge after rendering the verdict.[10]

In addition to *Shields,* appellant points to the cases of United States v. Noble [11] and Evans v. United States [12] as further articulating the rationale of the rule which requires the defendant's presence. In the *Noble* case, it was stated:

For not only are counsel and the defendant entitled to hear the instructions in order that they may, if they are incorrect, object to them and secure their prompt correction by the trial judge, but it is equally important to make as certain as may be that each member of the jury has actually received the instructions. It is therefore essential that all instructions to the jury be given by the trial judge orally in the presence of counsel and the defendant.[13]

The *Evans* case involved a narcotics prosecution in which the trial judge gave an additional instruction to the jury in the absence of the defendant but in the pres-

6. 372 P.2d 785, 788 (Alaska 1962).

7. 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011, 1012 (1892).

8. See also Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912).

9. 273 U.S. 583, 588–589, 47 S.Ct. 478, 71 L.Ed. 787, 789–790 (1927).

10. Id. 273 U.S. at 588–589, 47 S.Ct. at 479, 71 L.Ed. at 789–790. In the quoted

text the Supreme Court relied upon its prior decision in Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 81, 39 S.Ct. 435, 63 L.Ed. 853, 855 (1919).

11. 155 F.2d 315 (3d Cir. 1946).

12. 284 F.2d 393, 94 A.L.R.2d 266 (6th Cir. 1960).

13. 155 F.2d 315, 318 (3d Cir. 1946).

ence of his attorney. In reversing, the court wrote:

> Defendant was entitled to be present in the courtroom when the additional instructions were given to the jury by the court. He had the right to see and observe the manner in which the proceedings were being conducted and to consult with his counsel. Had defendant been present he could have objected to any part of the instructions and the Judge would then have had the opportunity of correcting the instructions if he deemed it advisable to do so.
>
> \*    \*    \*    \*    \*    \*
>
> The instructions given did not relate to trivial, insubstantial matters, but involved vital issues in the case. In our judgment, the failure to require the defendant's presence in court when the instructions were given affected his substantial rights and was prejudicial error.[14]

The State concedes, in light of the provisions of Crim.R. 38, that it was error for the trial court to have sent the communications to the jury during its deliberations outside the presence of appellant.[15] Where the parties differ is in their conceptions of the consequences which should result from a violation of Crim.R. 38. Appellant argues that it is not necessary for him to show that an instruction given in violation of Crim.R. 38 actually prejudiced him. On the other hand, the State urges us to adopt the rule that an unauthorized communication between judge and jury is not reversible error per se because "the better-reasoned decisions consider the prejudicial effect, if any, which results."

■ We hold that nonadherence by the trial court to the provisions of Crim.R. 38 does not automatically constitute reversible error.[16] A violation of the mandate of Crim.R. 38 is not prejudicial error unless such nonadherence has affected a substantial right of the defendant.[17]

In instruction number 6 the jury was told that an essential element of the crime of burglary, which the State had the burden of proving beyond a reasonable doubt, was:

> That at the time of the alleged breaking and entering of the \* \* \* cabin,

---

14. 284 F.2d 393, 395 (6th Cir. 1960).

15. Apparently the State also concedes that the trial court violated Alaska Const. art. I, § 11 which provides in part: "In all criminal prosecutions, the accused shall have the right to a speedy and public trial." On this point see Judge Edgerton's dissent in Walker v. United States, 116 U.S.App.D.C. 221, 322 F.2d 434, 438–439 (1963), cert. denied, 375 U.S. 976, 84 S.Ct. 494, 11 L.Ed.2d 421 (1964), where he states that unauthorized instructions by the trial court deprived appellant of his constitutional right to a "public trial" under the sixth amendment to the Constitution of the United States.

16. Crim.R. 47 provides:

    (a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

    (b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

17. Compare United States v. Grosso, 358 F. 2d 154 (3d Cir.), cert. granted, 385 U.S. 810, 87 S.Ct. 47, 17 L.Ed.2d 53 (Oct. 10, 1966); Downing v. United States, 348 F.2d 594 (5th Cir.), cert. denied, 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155 (1965); Walker v. United States, 116 U.S.App. D.C. 221, 322 F.2d 434 (1963), cert. denied, 375 U.S. 976, 84 S.Ct. 494, 11 L. Ed.2d 421 (1964); Jones v. United States, 299 F.2d 661 (10th Cir.), cert. denied 371 U.S. 864, 83 S.Ct. 123, 9 L.Ed. 2d 101 (1962); United States v. Compagna, 146 F.2d 524, 528 (2d Cir.), cert. denied, 324 U.S. 867, 65 S.Ct. 912, 89 L.Ed. 1422 (1945), where Judge Learned Hand said:

    But, like other rules for the conduct of trials, it is not an end in itself; and, while lapses should be closely scrutinized, when it appears with certainty that no harm has been done, it would be the merest pedantry to insist upon procedural regularity.

Marvin Arthur Noffke did intend to steal property therein.[18]

In the trial judge's unauthorized supplemental instruction, the jury was informed that:

> Instruction 6 contains the four (4) elements of the crime of Burglary, which does not include stealing necessarily.

■ We are of the opinion that this additional instruction did not relate to an insubstantial matter but involved a vital issue in the case which affected a substantial right of appellant and therefore the giving of this supplemental instruction, in contravention of Crim.R. 38, constituted prejudicial error. AS 11.20.100 makes an "intent to steal" an essential element of the crime of burglary not in a dwelling house. The trial court's instruction number 6 was in accord with this statutory requirement. Yet, as to the court's supplementary instruction, appellant was deprived of his right to be present when the instruction was given, of his right to consult with his attorney and to object to the instruction if desired, and of the opportunity of insuring that each member of the jury actually received the supplementary instruction. The issue of intent, and the court's instructions pertaining thereto, was a vital issue in the case. At best, this supplementary instruction was ambiguous and could have led the jury to find appellant guilty without having found that appellant had the requisite statutory intent to steal.[19]

One other point requires disposition in this appeal. The State's position is that the specifications of error now advanced by appellant cannot be considered by this court since they were not raised below. The State cites our decision in Thomas v. State [20] where we stated:

> [W]e follow the rule that alleged error occurring upon the trial of a case must be raised and urged in the trial court and passed upon by that court before this court will consider it on appeal unless the error specified raised a jurisdictional question or deprived the defendant of a substantial right. This is in keeping with Crim.R. 47 that only plain errors or defects affecting substantial rights may be noticed even though they were not brought to the attention of the court.[21]

■■ We believe this last contention of the State to be without merit and that Thomas v. State is inapplicable. There is nothing in the record to show that appellant's trial counsel had any knowledge, within the time limits of Crim.R. 33, of the

---

18. Instruction number 6 reads in full as follows:

> The material allegations and essential elements of the crime of burglary as alleged in Count I of the Indictment which the State is required by law to prove beyond a reasonable doubt before the jury may find the defendant guilty of the offense of burglary are:
>
> (1) That on or about the 16th day of July, 1965, Marvin Arthur Noffke did break and enter a building, not a dwelling, to wit: a cabin owned by John Butrovich, located at or near Delta Junction, Fourth Judicial District, State of Alaska:
>
> (2) That the cabin is a building;
>
> (3) That at the time said cabin was allegedly broken and entered into, property was kept therein; and
>
> (4) That at the time of the alleged breaking and entering of the Butrovich cabin, Marvin Arthur Noffke did intend to steal property therein.

> The material allegations and essential elements of the crimes of burglary as alleged in Counts IV and V are the same as those stated in paragraphs numbered (1), (2), (3) and (4) above set forth for Count I, with the exception of the building owners identity which is respectively:
>
> Count IV—Al Larrebee
> Count V—Gerard Finley

19. As indicated earlier, the nature of the jury's requests for additional instructions was not made part of the record.

20. 391 P.2d 18, 20 (Alaska 1964). (Footnotes omitted.)

21. The State also cites several civil opinions of this court to the same effect. See Alaska State Housing Authority v. Vincent, 396 P.2d 531 (Alaska 1964); Merl F. Thomas Sons, Inc. v. State, 396 P.2d 76 (Alaska 1964); Mitchell v. Knight, 394 P.2d 892 (Alaska 1964).

fact that the trial judge had given the jury this supplemental instruction.[22] In such a situation we believe that it would work an injustice to appellant to hold that he is now precluded from questioning the propriety of the supplementary instruction. In any event, under Crim.R. 47(b), the trial judge's actions, under the circumstances of this case, constituted plain error and resulted in a defect which affected appellant's substantial rights.

The judgment and commitment entered below as to Counts I and II is set aside and the cause remanded for a new trial.[23]

22. Crim.R. 33 provides:

New Trial.

The court may grant a new trial to a defendant if required in the interest of justice. If trial was by the court without a jury the court may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 5 days after verdict or finding of guilt, or within such further time as the court may fix during the 5-day period.

23. In light of our disposition we find it unnecessary to discuss the constitutional guarantees of a "public trial" and their applicability to this case.