Robert Paul MAZE, Appellant,

**v.**

STATE of Alaska, Appellee.

No. 741.

Supreme Court of Alaska.

March 27, 1967.

Clyde C. Houston, Anchorage, Court Appointed Counsel, for appellant.

Warren C. Colver, Atty. Gen., Juneau, Thomas E. Curran, Jr., Dist. Atty., Jay Hodges, Asst. Dist. Atty., Anchorage, for appellee.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, ·Chief Justice.

A jury acquitted appellant of Count 2 of an indictment charging him with larceny but convicted him of Count 1 charging him with burglary.

Immediately after his arrest on January 6, 1966, appellant was charged with burglary in a complaint filed in the district court. He was arraigned on the same date and the district judge scheduled the preliminary hearing for January 13, 1966. Appellant was indicted on January 11, 1966, and on January 12, 1966, the complaint was dismissed. On January 13, he was arraigned on the indictment and defense counsel was appointed by the court. Defense counsel's motion to stay proceedings and demand for a preliminary hearing on the complaint were denied on February 11, 1966.

Appellant argues that denial of a preliminary hearing deprived him of a procedure by which he could prepare his defense, in violation of his rights under the Alaska constitution as guaranteed by sections 7,[1] 11,[2] and 14[3] of article I.

Appellant's argument is based upon the premise that if he had been accorded a preliminary hearing he would have been able to utilize the procedure provided by the above mentioned sections of article I of the Alaska constitution to show that the complaining officer was acting on hearsay (the observations of the arresting officer) and to investigate into the "reasonableness of the cause stated in the complaint."

Appellant's contentions are governed by our recent holding in Martinez v. State[4] where we stated:

> While it is true that a preliminary hearing usually affords the accused an opportunity to learn in advance of trial something of the nature of the evidence upon which the government will rely, we do not agree that its principal function is that of providing pre-trial discovery. The main purpose of a preliminary hearing is to protect the accused from unwarranted incarceration. while awaiting action by the grand jury, by determining whether there is a basis for holding him until the grand jury has reviewed the facts. After the grand jury has acted on the accused's case and returned an indictment no reason exists for conducting a hearing to determine whether probable cause exists for detaining the accused. The fact that the grand jury

1. Article I, § 7, states that: "No person shall be deprived of life, liberty, or property, without due process of law. The right of all persons to fair and just treatment in the course of legislative and executive investigations shall not be infringed."

2. Article I, § 11, in applicable part, states that: "The accused is entitled to be informed of the nature and cause of the accusation * * * to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor * * *."

3. Article I, § 14, in applicable part, states that: "No warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

4. Opinion No. 389, 423 P.2d 700 (Alaska, February 6, 1967). (Footnote omitted.)

acts on the accused's case before a scheduled preliminary hearing does not amount to illegal prejudice.

In *Martinez* we considered Blue v. United States,[5] which is relied upon by appellant herein, and declined to adopt the views advanced in that decision concerning a defendant's right to a preliminary hearing.

■ Appellant here was not illegally prejudiced by not receiving the opportunity to "test the complaint" by questioning witnesses and marshalling his evidence as is argued in his brief. The fact is that in presenting appellant's case to the grand jury, the factual basis for his continued detention was subjected to a more strict standard than would have been the case if a preliminary hearing had been held. Under Criminal Rule 5(d) (5) the district judge is required to hold the accused to answer to the grand jury if it appears that a crime has been committed and "that there is *sufficient cause* to believe that the defendant is guilty of that crime." [6] (Emphasis added.) Criminal Rule 6(k) provides that the grand jury ought to find an indictment when all the evidence taken together, if unexplained or uncontradicted, would *warrant a conviction.*[7]

We hold that none of appellant's rights under the above mentioned sections of article I of the Alaska constitution were violated.

Appellant next argues that his arrest and detention were unconstitutional under section 14, article I, of the Alaska constitution and that certain articles of clothing taken from him at the time of his arrest to be used as evidence should have been suppressed.

The facts are that at about 1:24 a. m. on January 6, 1966, Officer Hall of the Anchorage Police Department observed appellant standing on the window sill and holding on to the top of a metal grillwork covering the window of the Silver Dollar Loan Company in Anchorage. Officer Hall shined the search light of his patrol car on appellant who came down from the window and walked toward the Montana Club. As appellant neared the entrance to the club Officer Hall shouted at him and ran after him. Appellant ran through the club's outside entrance door but was caught by the officer before he had gone through the swinging doors into the club. Officer Hall then described what followed in his direct testimony, which was uncontradicted, as follows:

> [A]s he hit these swinging doors I * * grabbed a hold of him and * * * I turned him around and we went outside. I asked him what he was doing in that window. He replied he didn't know what I was talking about. * * * [A]t this time I noticed * * * the broken window of [the] Silver Dollar Loan [Com-

---

5. 119 U.S.App.D.C. 315, 342 F.2d 894 (1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965).

6. Crim.R. 5(d) (5) states:
   *Commitment of Defendant.* At the completion of the preliminary examination, if it appears to the [district judge or magistrate] * * * that a crime has been committed and that there is sufficient cause to believe that the defendant is guilty of that crime, the [district judge or magistrate] * * * shall enter an order holding the defendant to answer to the crime and committing him to proper custody. The [district judge or magistrate] * * * shall admit the defendant to bail as provided by law and these rules.

7. Crim.R. 6(k) states:
   Sufficiency of Evidence. The grand jury is not bound to but may hear evidence for the defendant. It is its duty to weigh all of the evidence submitted. When the grand jury has reason to believe that other available evidence will explain away the charge, it shall order such evidence to be produced and for that purpose may require the prosecuting attorney to subpoena witnesses. An indictment shall not be found or a presentment made upon the statement of a grand juror unless such grand juror is sworn and examined as a witness. *The grand jury ought to find an indictment when all the evidence taken together, if unexplained or uncontradicted, would warrant a conviction by the trier of the offense.* (Emphasis added.)

pany]. * * * I stated, 'You broke that window, didn't you?' He said, 'I don't know what you're talking about.' I placed him under arrest, put him up against the wall, searched him and put the handcuffs on him and placed him in a patrol car and radioed for Investigator Taylor to come to the scene.

■ In Goss v. State [8] we held that police officers have the right to stop and question a person observed under suspicious circumstances, and if probable cause is then found to exist, the person may be arrested. Evidence taken from him as an incident to the arrest may be admitted at the trial.

Our holding in *Goss* is clearly applicable to the facts now before us. Officer Hall had every right, in fact it was his duty, to stop appellant and question him under the circumstances. Immediately after appellant had parried the officer's first question the officer noticed that the loan shop window was broken. The foregoing circumstances were enough to warrant a prudent man to believe that a felony had been committed and, therefore, that probable cause existed for arresting appellant without a warrant.[9] It follows that the subsequent search of appellant was lawful since it was made incident to a lawful arrest. The introduction into evidence of appellant's coat, which was alleged to have contained particles of glass at the time of his arrest, was likewise lawful.

In his argument on this point appellant has misstated the facts supplied by Officer Hall's uncontradicted testimony. On page 23 of his brief appellant states:

The only person claimed to have made a lawful arrest was Officer Hall, who at the time of arrest did not even know a window was broken. Mr. Maze's only known crime was to stand on a window sill. On this fragile basis the officer seized defendant, took him outside to the street, braced him, searched him, [hand-cuffed] * * * his arms behind his back, took him to a police car, then returned to the scene to see if a crime had been committed.

Officer Hall's testimony was clearly to the effect that he did not arrest appellant until after he had observed the broken window and that he did not brace, search, and handcuff appellant until after he had placed him under arrest.

We hold that no constitutional right of appellant's was violated and that it was not error to deny appellant's motion to suppress.[10]

Appellant's next point is that the trial court erred in not granting a mistrial after a prospective juror had stated on voir dire that she was employed by the Alaska State Parole Board and that she knew the defendant.

The transcript reflects that the following transpired as the district attorney was examining a juror on voir dire:

Q. And * * * do you work outside the home?

A. Yes, I do. I work for the Alaska State Parole Board.

Q. Do you know the defendant?

A. Yes, I do.

Q. And * * * in what respect do you know the defendant? * * * [P]ossibly. * * *

THE COURT: Yes. Let's don't get into this.

The jurors were excused. Appellant's motion for a mistrial was denied. The juror being questioned was finally excused and the venire instructed by the court as follows:

THE COURT: The record may reflect that all the members of the jury are in the box, that were here at the time they were excused. Ladies and gentlemen of the panel, it happens on a number of occasions that the jury panel is excused

8. 390 P.2d 220, 223–224 (Alaska), cert. denied, 379 U.S. 859, 85 S.Ct. 118, 13 L. Ed.2d 62 (1964).

9. Id. at 224.

10. See United States v. Caruso, 358 F.2d 184, 185 (2d Cir. 1966).

while one juror is examined in connection with their qualifications to sit as jurors, therefore, you should draw no inferences of any nature as to why you were excused while Mrs. Pope was being examined. All right, you may draw the name of another juror.

Appellant argues that the jury must have inferred that appellant was a parolee, to the prejudice of his defense.

In Harrison v. Garner[11] we held that the trial court has a wide discretion in deciding whether a mistrial should be declared and commits error only if it abuses that discretion. Here the prospective juror made no statement with respect to how she came to know the appellant. The instruction given to the jury by the trial judge was sufficient to prevent the jurors from drawing any inference that would be prejudicial to appellant's defense. The trial court did not abuse its discretion in denying the motion for a mistrial.

Appellant's next point is that there was not sufficient evidence to sustain the burglary verdict.

Appellant's argument is that the failure of the jury to find him guilty of larceny proves that he did not have the necessary intent to commit a crime and that the cuts on his coat sleeve and glass particles on his coat and boots were not sufficient evidence of an entry into the building.

The evidence in support of the charge of burglary was contained in Officer Hall's testimony and it is as follows: that he (Officer Hall) observed appellant climb up on the bars covering the window of the Silver Dollar Loan Company and then jump down and attempt to escape when he shouted; that he observed the broken window and found glass particles on and in appellant's boots and coat; that appellant's coat sleeve was cut and that two pistols which were identified as stolen from the loan company were found inside the entry way to which appellant ran.

This court has held that on a challenge of the sufficiency of the evidence on appeal only those facts in the record most favorable to the state and such reasonable inferences as the jury may have drawn from them will be considered by the court.[12]

We have applied this rule of review to the facts just related and are convinced that the evidence is sufficient to sustain the jury's verdict of burglary.

The last point urged by appellant is that the trial court erred in refusing to admit into evidence two photographs taken on the day of the trial showing a large amount of broken glass in the alleyway between two buildings near the Silver Dollar Loan Company.

The burglary was alleged to have occurred on January 6, 1966. The photographs in question were taken on March 22, 1966, and there was no showing that the glass was in the same location on the date the pictures were taken as it was on the date the burglary was alleged to have been committed.

In the discretion of the trial court a photograph may be introduced in evidence as an aid to the court or jury after it has been shown to be a faithful representation of whatever it purports to reproduce and provided it is relevant.[13]

Broken glass lying on the ground has no permanency of location. Since it was not established that the photograph accurately depicted the condition of the alleyway with respect to broken glass some two and a half months earlier when the burglary was alleged to have been committed, it did not tend to prove or disprove any is-

---

11. 379 P.2d 948, 950 (Alaska 1963).

12. Beck v. State, 408 P.2d 996, 997 (Alaska 1965); Goss v. State, 369 P.2d 884, 885 (Alaska), cert. denied, 371 U.S. 843, 83 S.Ct. 75, 9 L.Ed.2d 79 (1962).

13. See Kelso v. State, 96 Okl.Crim. 367, 255 P.2d 284, 288 (1953); State v. Griffith, 52 Wash.2d 721, 328 P.2d 897, 900 (1958).

sue before the court and was therefore not relevant. The trial court did not abuse its discretion in refusing to admit it into evidence.

The judgment is affirmed.