Vernon K. KUGZRUK, Appellant,

v.

STATE of Alaska, Appellee.

No. 750.

Supreme Court of Alaska.

Feb. 2, 1968.

Richard R. Cole, Fairbanks, for appellant.

William G. Richards, Asst. Dist. Atty., and Jay Hodges, Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

RABINOWITZ, Justice.

In the lower court guilty verdicts were rendered against appellant as to the separate crimes of robbery, assault with a dangerous weapon, and burglary in a dwelling.[1] A judgment and commitment sentencing appellant to concurrent six-year terms of incarceration was entered. It is from this judgment and commitment of the superior court that appellant appeals.

In his specification of error appellant contends that the trial court erred in allowing "the prejudicial remarks of a prospective jury member made during the voir dire proceedings." After considerable time had elapsed in selection of the jury, the clerk of court called prospective juror E. Albright. At this point the record shows that juror Albright volunteered the following:

Uh, Your Honor, I think that it would be a waste of time for me to come up

there, because having had a long record of pilferage, breaking and entering, a boat pilfered, armed robbery, I'm sure I wouldn't have an open mind.

After this unsolicited information was revealed, the district attorney stated: "We'll stipulate." Appellant's trial counsel immediately followed with, "So stipulate, also."[2] The trial judge then said, "You're excused Mr. Albright."

Review of the entire record fails to disclose that appellant's trial counsel objected to the prospective juror's remarks, or requested that the trial judge instruct the jury regarding them, or moved for a mistrial because of these comments.

In Sidney v. State [3] we held in part that, "We will not consider on appeal any objection which was not raised at the trial level." On the other hand, Criminal Rule 47(b) provides that:

Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

■ In accord with Criminal Rule 47(b) we said in Thomas v. State [4] that:

The record does not disclose that the subject motion was ever noticed for hearing. * * * In such a situation we follow the rule that alleged error occurring upon the trial of a case must be raised and urged in the trial court and passed upon by that court before this court will consider it on appeal unless the error specified raised a jurisdictional question or deprived the defendant of a substantial right. This is in keeping with Crim.R. 47 that only plain errors or defects affecting substantial rights may be noticed even though they were not brought to the attention of the court.[5]

1. In the superior court a three-count indictment had been returned by the grand jury.

2. At trial appellant was not represented by his present court-appointed counsel

3. 408 P.2d 858, 862 (Alaska 1965).

4. 391 P.2d 18, 20 (Alaska 1964) (footnotes omitted).

5. For other "plain error" decisions of this court, see Tracey v. State, 391 P.2d 732 (Alaska 1964); Thomas v. State, 391 P.2d 18 (Alaska 1964); Gilley v. City of Anchorage, 376 P.2d 484 (Alaska

Also pertinent is Bowker v. State [6] where we said in regard to plain error that before we will notice a point that was not brought to the trial judge's attention, it must be "obviously prejudicial." We have concluded that appellant has not made out a case of plain error in regard to prospective juror Albright's comments. Appellant contends that he was prejudiced in that the juror Albright's remarks, together with counsels' immediate stipulation to dismiss the juror for cause, "left implanted in at least some of the jurors' minds that the defendant Kugzruk had a long record of pilferage, breaking and entering, and armed robbery." We disagree. At most, the prospective juror's statement was ambiguous. We are of the opinion that the more reasonable construction of the statement in question is that the juror himself had been the victim of a long history of criminal conduct. We hold, under the Bowker v. State [7] criterion, that appellant has not made out a case of plain error. [8]

Appellant next contends that he was denied the right to be present at every stage of the trial. Criminal Rule 38 provides in part that:

. · The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules.

In Noffke v. State [9] we were asked to decide whether every violation of Criminal Rule 38 necessitated reversal. There we said:

We hold that nonadherence by the trial court to the provisions of Crim.R. 38 does not automatically constitute reversible error. A violation of the mandate of Crim. R. 38 is not prejudicial error unless such nonadherence has affected a substantial right of the defendant. [10]

In regard to this second specification of error, the record shows that during the testimony of Frank Mate, one of the victims of appellant's assault, robbery, and burglary, the following occurred: Counsel for appellant objected to a question which the district attorney had propounded to the witness; after a brief colloquy between counsel, the trial judge said:

[W]ould counsel care to—if the materiality is challenged, counsel may come forward, and the defendant if interested.

Appellant then asked, "Does that mean for all these * * * hearings?" The record does not indicate that appellant's inquiry was answered. It does show that a confer-

1962); Rank v. State, 373 P.2d 734 (Alaska 1962); Bowker v. State, 373 P.2d 500 (Alaska 1962); McBride v. State, 368 P.2d 925 (Alaska 1962), cert. denied, McBride v. Alaska, 374 U.S. 811, 83 S.Ct. 1702, 10 L.Ed.2d 1035 (1963).

6. 373 P.2d 500, 505 (Alaska 1962).

7. Id.

8. Compare McCracken v. State, 431 P.2d 513, 515 (Alaska 1967). In that case the trial judge inquired of the prospective jury panel whether any of the jurors had ever sat on a jury in which the defendant had been involved. On appeal to this court appellant argued that the trial court's question constituted prejudicial error because it indicated to the jury that appellant had been tried previously and convicted. · We held that appellant's specification of error was without merit. See also Maze v. State, 425 P.2d 235, 238–39 (Alaska 1967).

9. 422 P.2d 102, 105 (Alaska 1967) (footnotes omitted).

10. In *Noffke* the trial court gave the jury an additional instruction in the absence of the defendant and his counsel. It was only after the jury had returned its verdict and defendant had been sentenced that defendant and his counsel first learned of the fact that the trial court had given an additional instruction to the jury. In *Noffke* we held that:
    [T]his additional instruction did not relate to an insubstantial matter but involved a vital issue in the case which affected a substantial right of appellant and therefore the giving of this supplemental instruction, in contravention of Crim.R. 38, constituted prejudicial error.
    Id. at 106.

ence was then held in an anteroom outside the presence of the jury.[11] We note that in regard to this conference the record does not affirmatively show appellant's absence. We also consider it significant that the record does not indicate that trial counsel ever objected to appellant's absence from the anteroom conference. The status of the record is identical in regard to three subsequent anteroom conferences. As to each of these conferences the record does not affirmatively show appellant's absence nor does the record show that any objections were lodged as to appellant's absence. Upon review of the record, and adhering to the "obviously prejudicial" test for determining plain error which we enunciated in Bowker v. State,[12] we conclude that appellant has not demonstrated that he should be granted a new trial because he was denied the right to be present at every stage of his trial.

The first anteroom conference at which appellant asserts he was denied the right to be present involved a discussion as to the materiality and relevancy of testimony concerning certain objects which were located on a dresser within the apartment that appellant burglarized. The second conference concerned the marking of certain photographs as prosecution identifications. At the conclusion of this conference the district attorney decided not to use the photographs. The third conference took place during counsel for appellant's cross-examination of a prosecution witness. This anteroom conference was initiated because the district attorney was uncertain as to the import of the witness' testimony. Outside the jury's

presence, appellant's counsel explained what had transpired and the district attorney indicated that he understood. The matter ended there.

Assuming that appellant was not present during any of these three conferences, we fail to discern any prejudice to appellant's substantial rights. We follow Noffke[13] and hold that nonadherence to the requirements of Criminal Rule 38 did not constitute prejudicial or reversible error here because no substantial rights of appellant were affected by anything which transpired at the conference in question.

■ Additionally, appellant claims that his right to be present at all stages of the trial was violated by a conference which was held following the reading of the court's charge to the jury. At this conference the district attorney suggested a grammatical change in one of the instructions pertaining to the count of assault with a dangerous weapon. Neither during the anteroom conference, nor at any time subsequent thereto, did appellant's trial counsel object to the court's granting the prosecution's requested change in the assault with a dangerous weapon instruction.[14] At the same conference appellant's counsel suggested that a word had been omitted from a portion of the court's charge as it pertained to the burglary count. The trial court followed appellant's counsel's suggestion and added the omitted word to the burglary instruction.[15] At the conclusion of this conference, the trial judge informed the jury, in the presence of appellant and his counsel, that he had made several hand-

11. At this point the transcript reads: "[Conference in the anteroom * * *. End of conference in the anteroom]."

12. 373 P.2d 500, 505 (Alaska 1962).

13. Noffke v. State, 422 P.2d 102, 105 (Alaska 1967).

14. The prosecution requested that the instruction in question be changed to read that the jury would have to find that appellant unlawfully assaulted Frank

Mate or Timmy Mate instead of "Frank Mate and Timmy Mate."

15. Before appellant's counsel brought this matter to the attention of the trial judge, the burglary instruction read in part as follows: "Stealing consists of the unlawful carrying of the property of value belonging to another with the intent to permanently deprive the owner thereof." As a result of counsel for appellant's comments, the word "away" was inserted between "carrying" and "of."

written changes in the instructions.[16] Here again the record shows that there was no objection on the part of appellant's counsel after the trial court had informed the jury that changes had been made in the instructions.

After reviewing the events of this last conference, we have concluded no substantial rights of appellant were affected by his absence from this fourth anteroom conference. Unlike the situation presented by Noffke v. State [17] the changes made in the court's instructions did not adversely affect any of appellant's substantial rights. In the case at bar, the addition of the word "away" to the court's burglary charge at the suggestion of appellant's own counsel did not in any way prejudice appellant's rights. This instruction, as modified, enabled the court to correctly define an essential element of the crime of burglary which the jury had to find was proven beyond a reasonable doubt before they could return a guilty verdict as to this count. In our view, this change in the burglary charge was beneficial to appellant. As to the modification of the assault with a dangerous weapon charge, we find that the change correctly clarified an existing ambiguity in the instruction and was not prejudicial to any substantial rights of appellant.

■ In short, we hold that appellant has not shown plain error resulting from anything which occurred during the four anteroom conferences now questioned in this

appeal. We note that federal precedent construing Rule 43, Federal Rules of Criminal Procedure (which is substantially similar to our Criminal Rule 38), have ruled that conferences held between court and counsel during a trial for the purpose of hearing arguments of law on evidentiary ruling and related matters are not "stages of a trial" within the intendment of the rule.[18] We believe that the question of whether a defendant's presence should be required at such conferences should be left to the sound discretion of the trial judge. We are also of the view that the better practice would be to require the defendant's presence at such conferences, and that any request from defendant's counsel or from the defendant himself to be present should readily be granted by the trial judge.

■ Appellant's last point is that the trial court erred in admitting, over his objections, "the prejudicial testimony of Linda Gail Thisby." This witness testified that at about 3:30 a. m. on the morning in question she observed appellant in one of the third-floor corridors of the Northward Building in Fairbanks. The witness further testified as follows:

A Well, he was fumbling in his pocket for keys and trying them in this door.

Q Uh huh. And then what happened?

A Well, we stood there and watched him because we knew that nobody lived in that apartment, and he kept watch-

---

16. At this point the trial transcript reads:
    THE COURT: Ladies and gentlemen of the jury, there have been several minor handwritten changes in these Instructions which I'm sure that you will note as you peruse these Instructions, and of course you are encouraged to read and study these Instructions in—during your deliberations. You will note the changes made.

17. 422 P.2d 102, 106 (Alaska 1967).

18. In Deschenes v. United States, 224 F.2d 688, 693 (10th Cir. 1955), the court stated:
    Moreover, it is settled law that the exclusion of a defendant and a jury from the courtroom during argument

on a question of law does not violate defendant's constitutional right to be present at every stage of the proceedings.
    See Cox v. United States, 309 F.2d 614, 616 (8th Cir. 1962); United States v. Johnson, 129 F.2d 954, 958–959, 144 A.L.R. 182 (3d Cir. 1942), aff'd, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704, 705, reh. denied, 318 U.S. 801, 63 S.Ct. 826, 87 L.Ed. 1164 (1943); State v. Peters, 146 Mont. 188, 405 P.2d 642, 646–647 (1965). Compare Hill, Some Special Problems Commonly Encountered in Criminal Cases, in Seminar on Practice and Procedure, 28 F.R.D. 37, 282, at 292 (1960).

ing us at the same time. And he looked like he'd been drinking but it —it was hard to tell. He just kept trying keys, different keys in the door.

The witness Thisby also testified that eventually appellant approached the stair-well and walked upstairs. Counsel for appellant objected to this testimony on the grounds that it indicated that appellant attempted to commit a crime other than the crimes for which he was standing trial. The trial court overruled appellant's objections and admitted the testimony.[19] We hold that this evidence was admissible.

Up to this point in the trial the state's case had shown that in the early morning hours of June 29, 1965, appellant entered the fifth floor of the Northward Building apartment of Frank Mate, where he and his two sons were sleeping. Frank Mate awoke to find appellant sitting at the foot of his bed. Appellant was pointing a pistol at Mate and said, "Don't move or I'll kill you." This began appellant's brief reign of terror within the Mate apartment.

In our opinion the relevance and probative value of witness Thisby's evidence outweighed its prejudicial impact.[20] It has been held that independent-crime evidence is admissible when it tends to complete the picture or set the stage for the crime for which the defendant is being tried. In United States v. Wall[21] the court quotes from Bracey v. United States[22] where it was stated:

However, there are many well established exceptions to this rule * * * to the end that all relevant facts and circumstances tending to establish any of the constituent elements of the crime of which the defendant is accused may be made to appear. Thus, evidence of other criminal acts has been held admissible by this court when they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged. Such evidence is admissible if it is * * * so associated that proof of one tends to prove the other * * *.

In addition to the foregoing, we believe the witness Thisby's testimony to be admissible because it was probative of the identity of appellant as the person who unlawfully entered the Mate apartment. Of the three occupants of the Mate apartment only Frank Mate was able to positively identify appellant as the intruder. Thisby's testimony corroborates Mate's testimony in that she unequivocally identified appellant as being in the Northward

---

19. In ruling the witness' testimony admissible, the court said:

I'm satisfied it is if the proximity is so close as it tends to show a plan or an operation, a procedure, tends to explain if it incidentally involves a commission of another crime. This in itself does not make it inadmissible; this is something entirely different from the theory, I think, that counsel for the defense is expressing. And I'm reasonably satisfied if this is tied in in the same—in the same sequence so that it is reasonably close it could be construed as—it's the same thing as a person assaulting somebody and then somebody else grabbing him as he's running away and he starts beating on them, and the fact that he's committing a crime then does not make it excludable as tending to show that he was up to mischief and a violent disposition. I think I see a comparable situation here.

20. In Harper v. United States, 99 U.S. App.D.C. 324, 239 F.2d 945, 946 (1956), Judge Bazelon said:

Sometimes, however, it is helpful to analyze the law into its basic elements. Thus analyzed, the rule is that evidence of other offenses is admissible when substantially relevant to the offense charged; inadmissible when its relevance is insignificant; and, in borderline cases, admissible when its relevance outweighs the undue prejudice that may flow from it * * *.

21. 225 F.2d 905, 907 (7th Cir. 1955), cert. denied, 350 U.S. 935, 76 S.Ct. 307, 100 L.Ed. 816 (1956).

22. 79 U.S.App.D.C. 23, 142 F.2d 85, 87–88, cert. denied, 322 U.S. 762, 64 S.Ct. 1274, 88 L.Ed. 1589 (1944).

Building on the morning in question, intoxicated, and attempting to gain access to an apartment.[23] We hold that the witness' testimony was admissible and should not have been rejected because it may have shown that appellant attempted to commit a crime for which he was not on trial.[24]

The judgment and commitment entered below is affirmed.

---

23. This witness also heard appellant walking up the stairs from the third-floor level where she first encountered him.

24. United States v. Spatuzza, 331 F.2d 214, 217 (7th Cir.), cert. denied, 379 U.S. 829, 85 S.Ct. 58, 13 L.Ed.2d 38 (1964); Labiosa v. Government of the Canal Zone, 198 F.2d 282, 284 (5th Cir. 1952). See also Smith v. State, 431 P.2d 507, 508–509 (Alaska 1967).