Ellis WARNER and Timothy Johnson,
Appellants,

v.

STATE of Alaska, Appellee.

Nos. 1629, 1637.

Supreme Court of Alaska.

April 13, 1973.

Herbert D. Soll, Public Defender, Lawrence J. Kulik, Susan Burke, Asst. Public Defenders, Anchorage, for appellants.

John E. Havelock, Atty. Gen., Juneau, Monroe N. Clayton, Dist. Atty., James M. Hackett, Asst. Dist. Atty., Fairbanks, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

PER CURIAM.

The single issue raised in these consolidated appeals is whether an alibi instruction must be given in a case where the facts support the request for such an instruction and where one is requested in the trial court. This court answered that question affirmatively in the case of Ferguson

v. State,[1] some five weeks before the trial of these cases. Unfortunately; *Ferguson* was not cited to the trial court by appellants or appellee even though the identical issue was raised in this case.

Appellee now urges us to reconsider the position adopted in *Ferguson* and takes strong issue with the opinion on whether the rule adopted therein is a majority or minority one so far as precedent is concerned. After due consideration, we find the rule requiring an alibi instruction is the better reasoned approach for it serves to remind the jury of the main factual dispute in the case and to guard against the erroneous belief by jurors that the defendant has the burden of proving alibi.[2]

Reversed and remanded for a new trial.

FITZGERALD, J., not participating.

BOOCHEVER, Justice (dissenting).

A careful reading of the record in this case has convinced me that the failure to give the requested alibi instruction was harmless error. The rationale expressed in *Ferguson* for the giving of such an instruction is to remind the jury of the main factual disputes raised during the trial and to prevent the jury from erroneously believing that the defendant has the burden of proving an alibi. In the subject case the entire thrust of the Johnson and Warner defense was on the alleged alibi so that nothing would have been accomplished by additionally reminding the jury of that main factual dispute. This was the only factual dispute present in the case (although there was a legal question presented as to the requirements of rape as far as consent is concerned).

With reference to the second purpose for such an instruction, to prevent the jury from erroneously believing that the defendant has the burden of proving alibi, a clear instruction on burden of proof was given and there was no reference or implication either in the instructions or in the

1. 488 P.2d 1032, 1039 (Alaska 1971).

2. *Id.* at 1038.

arguments by counsel that the defendant has the burden of proving alibi.

If I could find that any substantial rights of the defendants had been affected I would certainly join with the majority in this case. The testimony which included highly detailed descriptions of the assailants and their vehicle, confirmed in many respects by other evidence, indicates that the error in failing to give the alibi instruction did not affect substantial rights. Accordingly, under the provisions of Alaska Criminal Rule 47[1] the error should be disregarded. To do otherwise requires either a dismissal or the imposition of the heavy burden and travail upon the state and the complaining witness of another retrial, due solely to a technicality not affecting substantial rights.

---

1. Alaska Criminal Rule 47 provides in pertinent part:

> (a) *Harmless Error.* Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

Since no constitutional right of the defendants is involved it is unnecessary to determine that the error was harmless beyond a reasonable doubt as required in cases of federal constitutional errors. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); contrast Noffke v. State, 422 P.2d 102, 105 (Alaska 1967) wherein this court stated:

> A violation of the mandate of Crim. R. 38 is not prejudicial error unless such nonadherence has affected *a substantial right of the defendant.* (Emphasis added.)