**Henry LEE, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 1716.

Supreme Court of Alaska.

May 18, 1973.

Herbert D. Soll, Public Defender, Lawrence J. Kulik, Asst. Public Defender, Anchorage for appellant.

John E. Havelock, Atty. Gen., Juneau, Seaborn J. Buckalew, Jr., Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

BOOCHEVER, Justice.

The principal issue in this case pertains to the right of Lee to be present when the jury returned its verdict. Lee was indicted for the sale of two slips of heroin to an addict informer who had numerous convictions for various crimes. There were no other witnesses to the sale, and the defense endeavored to show that the informer's testimony was unreliable.

The case was tried by a jury with Judge James M. Fitzgerald presiding. The jury was given the case for decision at 5:00 p. m., and at 5:30 p. m. sent the court a written request to hear again the testimony of the informer and a police officer. This request, which involved approximately two hours of testimony was granted.

Unable to reach a verdict that evening, the jury was "put to bed" and instructed to continue their deliberations the next morning, April 22, 1972. At about 9:30 that morning, Judge Fitzgerald, who had other business, asked Judge Edward V. Davis to stand in for him. Mr. William Fuld, defendant's attorney; Mr. Justin Ripley, counsel for the State; Judge Fitzgerald; and Judge Davis then entered into a stipulation that if the jury had not reached a verdict by 2:00 that afternoon, the jury would be discharged.

Almost immediately after this stipulation, another note arrived from the jury stating: "Your Honor, the vote is still 10–2 and we have come no closer to a unanimous vote."

The judge wrote on the bottom of the note, "Keep trying. Judge Davis, 4–22–72" and had the bailiff return it to the jury. Defendant was not there at the time and there is a dispute as to whether Mr. Fuld, his attorney, was present.

Shortly thereafter Judge Davis received word that the jury had reached a verdict. Court was reconvened at 11:00 a. m., but since the defendant was absent, the jury was not called in for about an hour.[1] The jury had been kept waiting because counsel for the State had specifically pointed out to the judge that the defendant had a right to be present when the verdict was read. The judge then asked if counsel for the defendant would waive this right. At this point the attorney, who had been asked by Mr. Fuld to take his place in the proceedings, replied:

Yes, Your Honor. I will gladly waive Mr. Lee's right to be present at the taking of the jury—at the verdict; I feel that I have that power from him. *Mr. Fuld asked me and gave me full authority to appear here just as fully as Mr. Fuld might do.* I do think I ought to say this about Mr. Lee. I don't believe that he himsef has a 'phone; that it's a question of calling somebody else and they getting a message to him; and I think. . . . (Emphasis added.)

While two phone calls had been made to a number given to the bailiff by Mr. Lee, he was never contacted directly. There was testimony that at the second call, the bailiff was assured that the message had been delivered to Mr. Lee and that he was on his way.

After further remarks from the counsel for the State cautioning the judge that the defendant's absence might be grounds for reversal on appeal, the jury was called and the verdict of guilty returned. Although the jury was asked generally if that was the correct verdict:

THE COURT: . . . Foreman of the Jury. Ladies and gentlemen, is this your verdict?

UNIDENTIFIED FEMININE VOICE: Yes, it is.

the substituted attorney waived the right to poll the jury individually. The defendant then arrived as everyone was leaving the building.

The right of a defendant to be present at all stages of the proceedings existed at common law.[2] The sixth amendment to

---

1. It is not clear from the record why the defendant was absent. At a bail hearing held the next day, his attorney, Fuld, testified that as per the stipulation, he had told Mr. Lee that he did not have to be present until 2:00 p. m. Judge Fitzgerald, however, felt that he had informed the defendant to be present at 9:00 a. m.

There was also testimony that the defendant did not have a telephone and had experienced car trouble. He did arrive as everyone was leaving the building after the verdict had been read.

2. 8A J. Moore, Moore's Federal Practice ¶ 43.02 [1], at 43–3 (2d ed. 1972).

the United States Constitution and article I, section 11, of the Constitution of the State of Alaska confers on the accused the right "to be confronted with the witnesses against him." This constitutional right has been implemented by Alaska Criminal Rule 38 (essentially similar to Federal Rule of Criminal Procedure 43), which provides in relevant part:.

> The *defendant shall be present* at the arraignment, *at every stage of the trial including* the impaneling of the jury and the *return of the verdict,* and at the imposition of sentence, except as otherwise provided by these rules . . . . In prosecutions for any offense, *the defendant's voluntary absence* after the trial has been commenced in his presence *shall not prevent continuing the trial to and including the return of the verdict.* (Emphasis added.)

■ Since Lee was not present at the return of the verdict, we first must ascertain whether his absence could be regarded as voluntary. It is clear that a voluntary absence would constitute a waiver of the right to be present. While there is authority that the right to be present cannot be so waived in capital cases (*see* Diaz v.' United States, 223 U.S. 442, 455, 32 S.Ct. 250, 56 L.Ed. 500, 505 (1912)), the general view is that if a defendant "absconds" or "willfully makes himself unavailable" after the trial has begun, he cannot defeat the proceedings, and an implied waiver is established, at least in noncapital cases.[3] Courts have been most reluctant to find that a defendant's absence is "voluntary" in the absence of clear evidence on the record that he knew of the proceedings and exercised a decision to stay away.

The extent of this judicial concern for a clear finding of an intent to frustrate the proceedings is reflected by the holding in Cureton v. United States, 130 U.S.App.D. C. 22, 396 F.2d 671, 676 (1968) where the defendant did not appear for the second day of trial and was not seen again until apprehended two months later. In remanding to the trial court for an explicit finding that the departure was for the purpose of absconding (the trial had continued in the defendant's absence), the court stated:

> [W]e conclude that if a defendant at liberty remains away during his trial the court may proceed provided *it is clearly established that his absence is voluntary. He must be aware of the processes taking place, of his right and of his obligation to be present, and he must have no sound reason for remaining away. Cf.* Parker v. United States, 184 F.2d 488 (4th Cir.) Our language in Cross [v. United States, 117 U.S.App.D.C. 56, 325 F.2d 629 (1963)] to the effect that he cannot frustrate a trial in progress by *absconding* indicates the sort of situation which enables the court to continue the trial.
>
> We cannot be certain upon the present record that appellant's absence was of the character above indicated. (Emphasis added, citations omitted.)

■ Since in the instant case it is doubtful if Henry Lee even knew the proceedings (the reading of the verdict) were taking place and his appearance at the courthouse just as they were ending showed a lack of any intent to frustrate them or to "abscond", there is no basis for a finding that his absence was "voluntary" so as to constitute a waiver of his right to be present under Rule 38.[4]

---

3. 8A J. Moore, Moore's Federal Practice ¶ 43.02 [2], at 43–6 (2d ed. 1972). *See also* 3 Wright, Federal Practice and Procedure § 723, at 201 (1969) where reference is made to " . . . defendants efforts to defeat the proceedings by his departure or flight".

4. While it might be argued that the "voluntariness" test should be less strict in this case since the jury here could not have been prejudiced by the implication that the defendant had fled, this distinction is more applicable to analysis of whether there has been a "substantial

The State argues that in any event Lee's right to be present was waived by both his attorney's failure to object to Lee's absence and the attorney's express waiver, which the State contends was binding on Lee, even if his right to be present is a constitutional one. Any argument that the failure of Lee's counsel to object to the verdict being received in his absence precludes review of that issue on appeal is necessarily included in the larger issue of whether the attorney had the power to expressly waive Lee's right to be present. Otherwise, an attorney could accomplish by silence what he had no authority to do by words.[5]

The State maintains that the court's holding in Lanier v. State, 486 P.2d 981, 988 (Alaska 1971), validates the waiver by the attorney even if the right to be present is a constitutional one. In *Lanier,* where defendant's attorney waived the right to confront by cross-examination certain witnesses, this court held:

> We hold that an attorney's waiver of his client's constitutional rights will be binding on the client—subject to established limitations—when it occurs during the trial and results from decisions made during the trial. (Footnotes omitted.)

The court distinguished decisions made before and after the trial from those made during the trial and held that where "[t]he attorney . . . is the expert—not the client", 486 P.2d at 986, such waivers during trial would be binding even in the absence of permission by the client. This holding was based on the dual consideration that the attorney may in some situations know that ". . . the nonexercise of a right would be more beneficial to one's case than its exercise" and that there is a "strong interest in promoting the efficient administration of justice", *Id.*

There is persuasive authority, however, that the defendant's right to be present is a *personal* one which cannot be waived by counsel [6] at least in the absence of the defendant's presence at the time of the waiver or an express authorization by the defendant.

The cases cited by the State for the proposition that the right to be present may be waived all include either an express waiver by the defendant or a knowing and intelligent acquiescence in the proceedings after counsel had waived the right. In Parker v. United States, 184 F.2d 488, 490 (4th Cir. 1950), a waiver was upheld where the defendant had been absent due to injuries suffered in an automobile accident. The defendant later proceeded ". . . with the trial, with full knowledge of the facts and without objection, and taking his chance before the jury that had been empaneled to try him". In Echert v. United States, 188 F.2d 336 (8th Cir. 1951), there was an express waiver by defendants after the trial judge had explained their rights to them (the jury had

---

right" effected by his "unwaived absence" and not to the basic question of whether waiver was voluntary.

5. Moreover, in the instant case it is clear that the purpose of the rules requiring an objection at the trial level, that is to bring the alleged error to the attention of the trial judge to give him a chance to cure the defect or make a record on appeal, were sufficiently met by the concerns voiced by the counsel for the State. All of the parties present at the receipt of the verdict were clearly aware that the defendant's presence might be a material issue on review.

6. 8A Moore, *supra*, note 2, at 43–4 states with reference to Federal Criminal Rule 43, analogous to Alaska's Criminal Rule 38:

> [T]he issue is whether the *personal* presence of defendant is required. In other words, where Rule 43 is applicable, its requirements cannot be satisfied vicariously by the presence of defense counsel.

*See also* Annot., 23 A.L.R.2d 456, 494 (1952) which states:

> Counsel for the defendant cannot waive the right of the defendant to be present at the return of the verdict in a felony case, at least, as indicated in a few cases, in the absence of express authority or consent or acquiescence by the defendant. (Citations omitted.)

been impaneled in their absence). And in the case of Evans v. United States, 284 F. 2d 393 (6th Cir. 1960), the court held that even where counsel for the defendant stated in the *presence of defendant* that he waived the defendant's objections to instructions which were given to the jury in his absence, the waiver was not effective.

■ Thus, it seems clear that while an attorney may waive his client's right to be present in a noncapital case, the waiver is effective only if either: (1) the defendant has given counsel express authority in a knowing and intelligent manner, (2) the defendant is present at the time of the waiver, has clearly been informed of his rights, and remains silent, or (3) the defendant subsequently acquiesces in the proceedings in a knowing and intelligent manner.

In this light, the Lanier v. State decision is not controlling. *Lanier* was a modification of the general principle whereby courts "indulge every reasonable presumption against waiver" of fundamental constitutional rights.[7] The *Lanier* holding states that a client's constitutional rights may be waived by his counsel without his consent where: (1) the decision is clearly a part of trial strategy, (2) there is no constitutional mandate that the right be personally exercised by the client or with his express consent, and (3) it is in the interest of efficient administration of justice to permit such waiver.[8]

Moreover, the court in *Lanier* carefully distinguished between waivers during the heat of a trial and those occurring at other stages of the proceedings, stating:

Courts can most conveniently and carefully scrutinze waivers of constitutional rights which occur during the pre- and post-trial periods. During these periods, the arguments considered above which would allow a nonpersonal waiver (i. e., waiver by counsel) of fundamental rights do not apply with the force with which they apply during the trial. There is no jury present. Delay is less of a factor because of the less formal atmosphere of pretrial procedures, and because participation by the accused in pretrial decisions will not require that overall strategy be reformulated and steps already taken be retraced. The attorney is not hamstrung "during the heat of battle". Further, the attorney's role at trial changes, subtly yet undeniably, from what it was during pretrial. At trial he must be in active control of the defense. Before trial, and after, he may more properly serve as an advisor and counsellor. Consultation with the client is appropriate then. During the latter periods, too, there is more time for informing the client of choices open to him. And, if irreconcilable differences of opinion regarding strategy surface at such times, it is possible for the attorney to withdraw and for the client to seek new counsel without causing great waste of judicial resources. Such would not be the case at trial.[9]

■ The attorney's purported waiver of Henry Lee's right to be present was thus ineffective. As measured by the traditional test for an effective waiver by counsel of a client's right to be present, there was lacking: (1) evidence of an express authorization to the attorney from Lee,[10] (2) evidence of any subsequent acquiescence to the waiver by Lee, and (3) indication that

7. Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177, 1180 (1937) [right to jury trial]; *see also* Glasser v. United States, 315 U.S. 60, 70–71, 62 S.Ct. 457, 465, 86 L.Ed. 2d 680, 699 (1942) [right to counsel].

8. The Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965) case relied upon in *Lanier* involved the waiver of the right to object to evidence, arguably

not a personal one. Rhay v. Browder, 342 F.2d 345 (9th Cir. 1965) cited by the State as an example of the *Lanier* concept involved the right to object to an instruction. All of these cases involved trial strategy.

9. Lanier v. State, 486 P.2d 981, 987 (Alaska 1971).

10. In fact, there was no indication that Lee even knew that the attorney had been

Lee knew that his rights were being waived by his counsel. Moreover, none of the essential elements of *Lanier* are shown. Unlike the *Lanier* situation, there is authority that the right to be present at the rendition of the verdict must be waived by the defendant, personally, or with his consent. There is no reasonable basis to characterize this situation as one where "the nonexercise of a right would be more beneficial to one's case than its exercise", and thus the "trial strategy" doctrine is not applicable. Unlike the *Lanier* situation, the possible detriment to the efficient administration of justice is miniscule since the record reflects that the court had reason to believe that Lee would appear at any time, and in fact he did appear immediately after the return of the verdict.

To allow a substitute counsel to waive Lee's right to be present at the return of the verdict was clearly erroneous, since there was no evidence of express authorization or acquiescence by Lee, no evidence of "voluntary absence", no evidence of a great detriment to the administration of justice, and no reasonable basis for a "trial strategy" argument.

Having determined that Lee was deprived of his right to be present at the return of the verdict, we still must ascertain whether the violation constitutes reversible error. In Noffke v. State, 422 P.2d 102, 105 (Alaska 1967), this court said:

> We hold that nonadherence by the trial court to the provisions of Crim.R. 38 does not automatically constitute reversible error. A violation of the mandate of Crim.R. 38 is not prejudicial error unless such nonadherence has affected a substantial right of the defendant.

This language was cited with approval in Kugzruk v. State, 436 P.2d 962, 964 (Alaska 1968).

In the *Noffke* case, the court found that the giving of an additional instruction on a vital issue in the case where the defendant was not present and neither the defendant nor his counsel knew of the instruction until after the verdict and sentence, did affect a substantial right and constituted prejudicial error. Contrastingly, in the *Kugzruk* case, the court held that exclusion of defendant from conferences between the judge and both defense and prosecution counsel was not prejudicial where there was no showing of "plain error resulting from anything which occurred during the four anteroom conferences now questioned in this appeal." 436 P.2d at 966. The court went on to note that such conferences "held between court and counsel during a trial for the purpose of hearing arguments of law on evidentiary ruling and related matters are not 'stages of a trial' within the intendment of the rule", *id.*

However, in Brown v. State, 372 P.2d 785 (Alaska 1972), we held that it was reversible error not to have the defendant present at a hearing conducted for the purpose of determining whether his wife should be detained as a material witness for the defendant. At the hearing the wife had exercised her privilege not to testify in a case in which her husband was a defendant. The court stated:

> We believe that under the circumstances of this case, appellant's presence was required by rule 38 and that his right to be present was as vital to his defense as his specific constitutional right to be confronted with the witnesses against him. Brown v. State, 372 P.2d 785, 789 (Alaska 1972).

Similarly, in Speidel v. State, 460 P.2d 77, 84 (Alaska 1969), Justice Dimond speaking for the majority held that the denial of a defendant's right to be present at a "presentence conference" between the trial judge, the district attorney, a probation officer, and defendant's counsel was reversible error since the conference was within the meaning of "imposition of sentence" in Rule 38 and a denial of his right to be present

---

asked to stand in for Mr. Fuld. Thus, there is a serious question as to the validity

of any actions taken by the attorney on the behalf of Lee.

must be assumed to have been prejudicial, since we cannot say with any degree of certainty that the judge may not have been influenced to impose a lesser sentence had appellant been given the opportunity to be heard and participate in the discussion relating to sentencing. (Footnote omitted.)

A substantial right was affected by Lee's being absent when the jury returned its verdict. Had he been present he could have insisted on a poll of the jury being taken.[11] While the judge did ask the jury generally if this was their verdict, the members were not polled individually. Lee was deprived of the right personally to confront the jury. Particularly in light of the jury's difficulty in reaching a decision, Lee's absence at the return of the verdict was significant. The psychological distinction between a general poll in his absence, and an individual poll requiring each juror to assume the burden of his decision and affirm it in the defendant's presence is not a minor one. Under these circumstances we hold that substantial rights were affected, and that the error cannot be regarded as harmless.[12]

In view of this holding we do not reach the issue pertaining to the absence of the defendant when the court communicated with the jury advising it to "Keep trying."

The case is reversed and remanded for a new trial.

FITZGERALD, J., not participating.

---

11. Alaska Criminal Rule 31(d) provides:
When the verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If, upon the poll, there is not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged.

12. We do not reach the issue of whether a federal constitutional error was involved, in which event before it could be regarded as harmless "the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 711 (1967). Alaska's harmless error rule, Criminal Rule 47, provides in pertinent part:
(a) *Harmless Error.* Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.
In Love v. State, 457 P.2d 622 (Alaska 1969), we discussed the test to be applied in determining whether a substantial right has been affected.
Since we find that a substantial right was affected, the error obviously would be reversible under the more rigid federal constitutional standard.