Emanuel **CHARLIAGA**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. A–1657.

Court of Appeals of Alaska.

Aug. 5, 1988.

Michael J. Wall, Asst. Public Defender, Kodiak, and Dana Fabe, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Emanuel Charliaga was convicted, following a jury trial, of sexual assault in the first degree. AS 11.41.410(a)(1). Charliaga appeals to this court, arguing that his conviction should be reversed because Superior Court Judge Rene J. Gonzalez erroneously determined that he had voluntarily absented himself from portions of his trial. We remand to the trial court for a hearing on this issue.

Charliaga's trial began in Kodiak on February 19, 1986, before Judge Gonzalez. The case went to the jury around 1:00 p.m. on February 20, 1986. The parties stipulated that it was not necessary to sequester the jury. Charliaga waived his right to be present at playbacks. At 2:35 p.m. the jury sent a note to the judge requesting replays of several witnesses' testimony. The jury also asked to see the trooper's written report. The court responded to these requests in the presence of the state, Charliaga, and defense counsel.

The court received a second note from the jury around 9:30 p.m. and informed the attorneys. One hour later, both counsel appeared in court, but Charliaga could not be located. Under the terms of Charliaga's release, he was to remain at all times with either his attorney or his third party custodian, Mrs. Valley, his aunt. Both counsel expressed concerns about proceeding in Charliaga's absence. The court found that Charliaga had voluntarily waived his presence for the purpose of addressing the two jury questions. Defense counsel informed the court that he had no objection to responding to the jury notes, but that he disagreed with the court's finding of "voluntary absence."

In the first note, the jury requested a written transcript of the complaining witness' testimony, despite the fact that they had already listened to the playback of her testimony three times. The state and defense counsel agreed that because there was no written transcript available, and because the tape recording was available, the jury would not be able to obtain a transcript. The court sent a note to the jury, stating that the court was unable to provide a written transcript, but that the court could replay this testimony.

The second jury note indicated that a person on the jury panel had seen the defendant and the victim together the previous night at the American Legion Hall's bingo game. The jury wished to be advised how this contact affected the case. The prosecutor felt that the tone of the note indicated prejudice against the state, hence, she contemplated requesting a mistrial. Defense counsel suggested that any problems could be cured by an instruction to disregard the incident while deliberating. The court informed the jury that the case was to be decided solely on the evidence presented at trial.

After sending these responses to the jury, the state expressed concern about the defendant's absence, especially in view of the defendant's apparent violation of the "no contact" order. Judge Gonzales gave defense counsel until 11:30 p.m. to locate Charliaga and bring him into court or he would issue a bench warrant.

The court resumed session at 12:50 a.m. Defense counsel indicated that he had not seen Charliaga since around 9:00 p.m., and that neither he nor the third party custodian knew where Charliaga was. The court found that Charliaga was in violation of the conditions of release. Judge Gonzales had instructed Charliaga to remain in contact with his attorney and to be present at all proceedings. Judge Gonzalez concluded that Charliaga's failure to be present was voluntary. He therefore had the jury return the verdict in the defendant's absence. After the jury returned the guilty verdict, defense counsel polled the jury. Judge Gonzalez then issued a bench warrant for Charliaga and released the jury.

Charliaga was arrested and brought before Judge Gonzalez later that morning. Judge Gonzalez set a date for sentencing. Charliaga was never asked for nor did he ever offer any explanation for his absence.

The resolution of this case is governed by Alaska Criminal Rule 38 and *Lee v.*

*State,* 509 P.2d 1088 (Alaska 1973). Criminal Rule 38 provides in pertinent part:

(a) Presence: required.

The defendant shall be present at the arraignment, at the preliminary hearing, at the time of plea, at the omnibus hearing, and at every stage of the trial, including the impaneling of the jury and return of the verdict, and at the imposition of sentence, except as otherwise provided in this rule.

(b) Continued presence not required.

The further progress of the trial to and including the return of the verdict shall not be prevented whenever a defendant, initially present:

(1) *Voluntarily absents himself after the trial has commenced* [.]

(Emphasis added).

In *Lee,* the court allowed the jury to return a verdict in the defendant's absence. The court had waited approximately one hour, and the bailiff had attempted to contact the defendant by telephone. The bailiff never contacted Lee directly at the telephone number which Lee provided, but following the second call, the bailiff was told by an unidentified person that Lee was on his way to the courthouse. Lee arrived at the courthouse shortly after the jury returned the verdict. The supreme court reversed Lee's conviction, holding that the record did not show that Lee's absence at the time the jury returned its verdict was voluntary.

In *Lee,* the Alaska Supreme Court noted the general view that defendants who abscond or willfully make themselves unavailable after the trial has begun are voluntarily absent and, therefore, have waived the right to be present. 509 P.2d at 1090. The supreme court also noted that courts are reluctant to find an absence to be voluntary in the absence of clear evidence on the record that the defendant knew of the proceedings and exercised a decision to stay away. *Id.* (citing *Cureton v. United States,* 396 F.2d 671, 676 (D.C.Cir.1968) (remanding because the record did not clearly establish that the defendant was aware of the proceedings taking place, that he was aware of his right to be present, and that he had no sound reason for remaining away)).

■■■ Charliaga's case appears to us to be similar to *Cureton,* which the Alaska Supreme Court referred to in *Lee.* The record here is not sufficient for us to conclude, as a matter of law, that Charliaga's absence from his trial was voluntary. Accordingly, we remand to the trial court and direct the trial court to hold a hearing on this issue.[1] The trial court shall make findings of fact and conclusions of law. In the event that the trial court finds that Charliaga's absence from trial was not voluntary, the judgment should be set aside. Otherwise, the judgment will remain in effect, subject to the defendant's right to appeal.

The conviction is REMANDED.

---

1. We conclude that Charliaga should have the burden of showing that his failure to be present was involuntary. These facts appear to be particularly within the defendant's knowledge and, therefore, it seems appropriate that he should have the burden of proof.