**Emil KVASNIKOFF, Petitioner,**

v.

**STATE of Alaska, Respondent.**

No. 2363.

Supreme Court of Alaska.

May 23, 1975.

Ben Esch, Asst. Public Defender, Herbert D. Soll, Public Defender, Anchorage, for petitioner.

Thomas M. Wardell, Dist. Atty., Kenai, Norman C. Gorsuch, Atty. Gen., Juneau, for respondent.

Before RABINOWITZ, Chief Justice, and CONNOR, ERWIN, BOOCHEVER and BURKE, Justices.

## OPINION

CONNOR, Justice.

At issue in this case is the effect of an order made by a superior court judge three days after one of the parties attempted to preempt that judge from presiding further over the case.

On September 2, 1972, the petitioner's wife was found unconscious in her hotel room in Seward, Alaska. She was taken to a hospital where she was pronounced dead. On January 31, 1973, the petitioner was found guilty by Judge Hanson, after a non-jury trial, of manslaughter in violation

of AS 11.15.040.[1] On April 26, 1973, Judge Hanson elected not to sentence the petitioner and entered an order deferring sentence. Petitioner was placed on five years probation.

On August 19, 1974, Judge Hanson entered a judgment on a petition to revoke probation, finding a violation of a condition of probation based on petitioner's subsequent conviction for assault and battery. He ruled that the order deferring sentence remain in effect.

On September 30, 1974, a petition to revoke probation was filed alleging that petitioner had been convicted of a violation of an Anchorage city ordinance.

On October 7, 1974, the petitioner brought a motion for peremptory challenge under AS 22.20.022 and Alaska Criminal Rule 25(d).[2] Pursuant to his interpretation of McKinnon v. State, 526 P.2d 18 (Alaska 1974), Judge Hanson disqualified himself from proceedings on the factual issue of whether petitioner had violated his probation. However, Judge Hanson reserved the power to determine whether petitioner should be sentenced if another superior court judge found that petitioner had violated his probation. In October, Judge Buckalew determined that a violation of probation had occurred and remanded the case to Judge Hanson.

On November 1, 1974, petitioner sought review in this court claiming that it was error for Judge Hanson not to have recognized the peremptory challenge.

We have granted review in order to clarify the meaning of AS 22.20.022 in the context of probation revocation hearings.

■ We have noted that AS 22.20.022 codifies a fundamental tenet of our system of justice, the right to a hearing by a fair and impartial judge. In re G. K., 497 P.2d 914, 915 (Alaska 1972). However, this right to peremptorily challenge a judge is circumscribed by certain time requirements. If a party does not file a timely affidavit requesting disqualification, then the party is deemed to have waived his statutory right to peremptorily challenge a judge.[3] Roberts v. State, 458 P.2d 340, 346 (Alaska 1969).

AS 22.20.022(c) requires that a party file his peremptory challenge within five days

---

1. See Kvasnikoff v. State, 521 P.2d 903 (Alaska 1974), for a detailed outline of the facts presented at trial.

2. AS 22.20.022 reads, in part, as follows:
   "(a) If a party or his attorney in a district court action or a superior court action, civil or criminal, files an affidavit alleging under oath that he believes that he cannot obtain a fair and impartial trial, the presiding district court or superior court judge, respectively, shall at once, and without requiring proof, assign the action to another judge . . . . .

   (c) The affidavit shall be filed within five days after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever event occurs later, unless good cause is shown for the failure to file it within that time."

   Crim.R. 25(d) provides, in part, as follows:
   "(d) Change of Judge as a Matter of Right. In all courts of the state where a master calendar system has been adopted, a judge may be peremptorily challenged as follows:

   (1) Entitlement. In any criminal case in superior or district court, the prosecution and the defense shall each be entitled as a matter of right to one change of judge.

   (2) Procedure. At the time required for filing the omnibus hearing form, or within 5 days after a judge is assigned the case for the first time, a party may exercise his right to change of judge . . . . .

   (4) Timeliness. Failure to file a timely request precludes a change of judge under this rule as a matter of right.

   (5) Waiver. A party loses his rights under this rule to change a judge when he agrees to the assignment of the case to a particular judge . . . . ."

3. Since petitioner is basing his argument on the statutorily created right to peremptorily challenge a judge, we need not decide whether the due process clause of the Alaska Constitution precludes a court from denying a motion for disqualification, based on actual bias or prejudice as set forth in accompanying affidavits, merely because said motion was not timely filed.

after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever event occurs later. Alaska Criminal Rule 25(d)(2) requires a peremptory challenge to be filed within five days after a judge is assigned the case for the first time.[4]

Petitioner did not challenge Judge Hanson until the judge attempted to preside over a probation revocation hearing. We note that petitioner failed to challenge the judge prior to his trial or his first probation revocation hearing; rather, petitioner only filed the requisite affidavit prior to his second probation revocation hearing.[5]

■ Peremptory challenge of a judge cannot be entertained as to subsequent hearings which are a part or a continuation of the original proceedings. Jacobs v. Superior Court, 53 Cal.2d 187, 1 Cal.Rptr. 9, 347 P.2d 9, 11 (1959), as modified on denial of rehearing (1960).

The authors of the Uniform Rules of Criminal Procedure (1974), in their comments on Rule 741(a),[6] note that:

> "The first sentence's exception makes it clear that a demand cannot be used to prevent the judge who presided over trial from sentencing or hearing post-trial motions. . . . It seems that the same judge should be able to conduct all proceedings in a case which occur after trial commences." [7]

In light of the pertinent case law and statutory provisions, we hold that petitioner's peremptory challenge was ineffective because it was not timely filed within the requirements of AS 22.20.022 and Alaska Criminal Rule 25(d).[8]

McKinnon v. State, 526 P.2d 18 (Alaska 1974), is not controlling for two reasons: first, a review of *McKinnon* does not reveal that the challenged judge was also the trial judge; and second, our discussion of McKinnon's peremptory challenge of the judge assigned to the probation revocation hearing was dictum, since we decided the case on other grounds.

■ When a judge has entered an order placing a defendant on probation, any subsequent hearing held to determine whether probation should be revoked is a supplemental proceeding. Thus, if a defendant fails to file a peremptory challenge prior to trial, and if the trial judge places a defendant on probation, then the defendant is without the power to challenge the trial judge at a later sentencing hearing. We believe that justice is better served by preserving the jurisdiction of the original trial judge over the sentencing process. The goals of sentencing are best met when a judge who is familiar with a case is permitted to determine whether probation should be revoked and sentence should be imposed.

The decision of the lower court is affirmed.

Affirmed.

---

4. Judge Hanson has been assigned to this case for over two years. This assignment has included presiding at separate hearings involving testimony of an alleged polygraph expert, testimony of a psychiatrist, bail review, trial, and petitions to revoke probation.

5. Facially, AS 22.20.022 and Crim.R. 25(d)(2) appear to set forth different time requirements. However, since petitioner's peremptory challenge is untimely under both provisions, we need not resolve the apparent conflict at this time.

6. Uniform R.Crim.P. 741(a) (Proposed Final Draft, 1974) reads as follows:
   "*On demand.* A defendant may obtain a substitution of the judge before whom a trial or other proceeding is to be conducted by filing a demand thereof, but if trial has commenced before a judge no demand may be filed as to him. . . . "

7. *Id.*, at 332.

8. Provisions cited at note 2, *supra.*