Eugene TRENTON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3205.

Court of Appeals of Alaska.

March 23, 1990.

Carol A. Brenckle, Soldotna, for appellant.

James L. Hanley, Dist. Atty., Kenai, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

PER CURIAM.

Eugene Trenton was convicted by a jury of one count of assault in the second degree, a class B felony, in violation of AS 11.41.210(a)(2); two counts of assault in the third degree, a class C felony, in violation of AS 11.41.220(a)(2); and two counts of assault in the fourth degree, a class A misdemeanor, in violation of AS 11.41.-230(a)(1). Superior Court Judge Charles K. Cranston, who presided at trial, imposed a composite sentence of thirty months with all but sixty days suspended.

Before he began serving his sentence, Trenton was arrested and charged with fourth-degree assault. The state petitioned to revoke probation, alleging that Trenton violated his conditions of probation by consuming alcohol and by assaulting his fiancee, P.S.

On August 28, 1989, Trenton entered an admission to the allegations contained in the petition. The state dismissed the charge of assault in the fourth degree. On September 11, 1989, Trenton appeared before Superior Court Judge Victor D. Carlson for sentencing on his petition to revoke probation. Judge Carlson sentenced Trenton to serve all the time remaining on the sentence originally imposed by Judge Cranston.

Trenton appeals, arguing that his probation revocation should have been assigned to Judge Cranston and not to Judge Carlson, a visiting judge. He relies particularly upon *Kvasnikoff v. State*, 535 P.2d 464, 466 (Alaska 1975), where the court stated:

When a judge has entered an order placing a defendant on probation, any subsequent hearing held to determine whether probation should be revoked is a supplemental proceeding.... We believe that justice is better served by preserving the jurisdiction of the original trial judge over the sentencing process. The goals of sentencing are best met when a judge who is familiar with a case is permitted to determine whether probation should be revoked and the sentence should be imposed.

The state filed a notice of intent not to file a memorandum contesting Trenton's application on appeal.

We agree with Trenton that under ordinary circumstances the judge who imposes sentence should be assigned any sub-

sequent petitions to revoke probation. This rule is not absolute. Alaska Criminal Rule 25(c) provides:

> If by reason of absence from the district, death, sickness or other disability, the judge before whom the action has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt, any other judge regularly sitting in or assigned to the court may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

We understand this rule to permit reassignment of judges for good cause. While a probation revocation is technically a separate proceeding to which Criminal Rule 25(c) would not apply, we conclude that the policy of the rule is applicable by analogy.

■ There is nothing in the record in this case establishing that Judge Cranston was not available or could not have become available within a reasonable time to hear the disposition on the petition to revoke probation in Trenton's case. Judge Cranston is the judge regularly assigned to hear cases in Kenai where Trenton's disposition hearing was held. In the absence of some good reason to assign the case to a visiting judge, we believe it is an abuse of discretion to do so. *See Konrad v. State,* 763 P.2d 1369, 1381 n. 6 (Alaska App.1988) (had counsel made efforts to reschedule sentencing for a time when the trial judge might have been available, reassignment of the case for sentencing purposes would have amounted to error, absent compelling circumstances precluding the trial judge's participation).[1]

The judgment of the superior court is VACATED and this case is REMANDED for reassignment to Judge Cranston for a new disposition hearing on the petition to revoke probation.

1. We find that without a basis in the record for concluding that the sentencing judge was unavailable, assigning a visiting judge to hear a probation revocation was plain error. Alaska R.Crim.P. 47(b). We reach this conclusion after considering the totality of the circumstances. Although Trenton did not object to Judge Carlson's presiding at the hearing, the state expressly declined to contest Trenton's request that Judge Cranston hear the case on appeal and there was an absence of an express agreement to present the matter to Judge Carlson.