NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

BAMBI AKERS,

                Petitioner,

        v.

STATE OF ALASKA,

                Respondent.

Court of Appeals No. A-12009
Trial Court No. 4EM-12-148 CR

O P I N I O N

No. 2529 — December 23, 2016

Petition for Review from the District Court, Fourth Judicial District, Emmonak, Nathaniel Peters, Judge.

Appearances: Renee McFarland, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Petitioner. Donald Soderstrom, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Respondent.

Before: Mannheimer, Chief Judge, and Allard, Judge.

Judge MANNHEIMER.

The Petitioner, Bambi Akers, is facing a probation revocation proceeding in the district court. Over Akers's objection, this revocation proceeding has been assigned to a magistrate judge. Akers argues that she has a statutory right to insist that a district court judge conduct the revocation proceeding.

To resolve this question, we must interpret AS 22.15.120 — the statute that defines the authority of magistrate judges.

No provision of AS 22.15.120 expressly deals with probation revocation proceedings. However, three subsections of the statute — (a)(5), (a)(6), and (a)(7) — potentially encompass probation revocation proceedings in misdemeanor cases.

In certain instances, a magistrate judge has plenary authority to adjudicate misdemeanors. Subsection (a)(5) of the statute declares that magistrate judges are empowered to "give judgment of conviction" in all misdemeanor cases where a defendant pleads guilty or no contest. And subsection (a)(7) of the statute authorizes magistrate judges to "hear, try, and enter judgments" in limited categories of cases — cases where the defendant is charged with committing a "minor offense" (a term defined in subsection (c) of the statute) or with violating a city or borough ordinance.

But subsection (a)(6) of the statute — the provision that covers all other misdemeanor cases — states that a magistrate judge is empowered to "hear, try, and enter judgments" in these cases only "if the defendant consents in writing that the magistrate may try the case".

The question we must answer is whether this last provision of subsection (a)(6) — the requirement of a defendant's affirmative consent — applies to Akers's case. Before we present our analysis of this question, we must describe the history of this litigation.

*Underlying facts*

In 2012, Akers was charged with driving under the influence.[1]  She was arraigned on this charge in front of Superior Court Judge Dwayne W. McConnell (sitting as a district court judge).[2]  At her arraignment, Akers reached a plea agreement with the State; Judge McConnell accepted her guilty plea and then sentenced her in accordance with the terms of the plea bargain.

Under this plea bargain, Akers received 3 days to serve and an additional 57 days suspended.  After serving the 3 days, Akers was released on probation.

In early 2013, Akers was charged with a new misdemeanor offense (importation of alcoholic beverages), and the State filed a petition to revoke Akers's probation in the DUI case.

The State again offered Akers a plea bargain — an offer that was intended to resolve both the new offense and the petition to revoke Akers's probation in the DUI case.  Specifically, the State offered to dismiss the new charge if Akers would admit the probation violation and agree to serve 15 days of her previously suspended 57 days.

Akers appeared in court before Magistrate Judge Darlene Johnson-Edwards and accepted the State's proposed plea bargain.  Magistrate Johnson-Edwards accepted Akers's admission to violating her probation, and she sentenced Akers in accordance with the plea bargain (*i.e.*, she ordered Akers to serve 15 days of her previously suspended sentence).

---

[1]  AS 28.35.030(a).

[2]  Superior court judges are authorized to exercise the functions of district court judges. *See* Alaska Administrative Rule 24(e):  "When a superior court judge hears a matter that is pending in the district court, that judge sits as a district court judge, and a specific assignment to the district court is not required."

During this revocation proceeding, no one asked Akers if she was willing to waive her right to have a district court judge conduct the proceeding.

About a year later (in March 2014), the State charged Akers with yet another probation violation — this time, for consuming alcoholic beverages. Although the State again offered Akers a plea agreement to resolve this matter, Akers rejected the offer and chose to have a hearing. She asked for an attorney, and the revocation matter was continued until June.

In June 2014, Akers and her attorney appeared before District Court Judge Nathaniel Peters. At the prosecutor's suggestion, Judge Peters scheduled the adjudication hearing in front of Magistrate Judge Johnson-Edwards — under the mistaken assumption that Magistrate Johnson-Edwards had been Akers's original sentencing judge.

Akers's attorney pointed out that this was wrong — that Akers had originally been sentenced by Judge McConnell. But Judge Peters ruled that Akers's probation revocation hearing should still be conducted by Magistrate Judge Johnson-Edwards, because she was the judicial officer who conducted the previous probation revocation hearing. Judge Peters reasoned that if Magistrate Johnson-Edwards was eligible to handle the previous petition to revoke, she remained eligible to handle the current petition.

When Akers's attorney continued to object that Akers was statutorily entitled to have the matter handled by a district court judge, Judge Peters ruled that Akers had waived her right to a district court judge when, in 2013, she consented to have Magistrate Johnson-Edwards preside over the previous revocation matter.

Akers then petitioned this Court to review the district court's ruling. We granted Akers's petition and ordered formal briefing.

*How we interpret the provisions of AS 22.15.120*

From the days when Alaska was a territory, and up to the present day, Alaska has relied on judicial officers who do not necessarily have formal training in the law. These judicial officers were first called "district magistrates" and, later, simply "magistrates".[3] Currently (since January 2013), they are called "magistrate judges".[4]

Despite these changes in their title, one of the primary roles of magistrate judges has been to provide or enhance judicial services in rural locations. As our legislature declared in 1959, magistrate judges were intended to be "[judicial officers] of limited trial power sufficient to meet the immediate requirements of justice in the less populated areas of the state." SLA 1959, ch. 184, § 25.

Both of the parties to this appeal, Akers and the State, ask us to interpret AS 22.15.120 in light of this legislative purpose — but they draw very different inferences from this legislative purpose.

The State focuses on the legislature's intention to provide judicial services to the many locations where there is no sitting superior court or district court judge. The State argues that, in light of this need for judicial services in rural Alaska, we should broadly interpret the authority of magistrate judges.

Akers, on the other hand, focuses on the fact that magistrate judges are not required to have formal training in the law,[5] and on the fact that the legislature intended

---

[3]    *See* SLA 1959, ch. 184, § 25, and SLA 1966, ch. 24, § 3.

[4]    *See* Special Orders of the Chief Justice Nos. 6305 and 6306, issued December 21, 2012.

[5]    In contrast to superior court and district court judges (who must have engaged in the practice of law or served as magistrates for minimum periods before their appointment; *see* AS 22.10.090 and AS 22.15.160(a)), magistrate judges need only be United States citizens, residents of Alaska, and at least 21 years old. AS 22.15.160(b).

magistrate judges to be judicial officers of "limited trial power". Akers argues that, because magistrate judges are not required to be lawyers, the legislature did not intend for magistrate judges to preside over criminal trials and other *contested* litigation — such as contested probation revocation proceedings — without a defendant's express consent.

There are difficulties with both parties' proposed interpretations of the statute.

The State's suggested broad interpretation of the statute is potentially at odds with the legislature's express intention of creating a judicial office with "limited trial power". We note that when the Alaska state legislature enacted the original version of AS 22.15.120 in 1959, the legislature included the language of subsection (a)(6) which bars magistrates from conducting trials without the defendant's consent. *See* SLA 1959, ch. 184, § 19. It is not clear where this provision came from; it is not found in the pre-existing territorial law. But the legislature's inclusion of this provision underscores its declared intention of limiting the authority of magistrates to conduct certain contested proceedings.

On the other hand, Akers's suggested interpretation of the statute — the suggestion that the legislature did not intend for magistrate judges to preside over *any* contested criminal litigation without the parties' consent — is clearly inconsistent with the provisions of AS 22.15.120. As we explained above, AS 22.15.120(a)(7) gives magistrate judges unfettered authority to preside over trials where the defendant is charged with a minor offense or with the violation of a city or borough ordinance.

It is true that the types of cases covered by subsection (a)(7) typically involve lesser penalties. In particular, prosecutions for the "minor offenses" defined in AS 22.15.120(c) do not involve any risk of incarceration.[6] But defendants who are convicted of violating a local ordinance can face significant jail time[7] — and magistrate judges are empowered to preside over the trials in those cases regardless of the defendant's consent.

Thus, even though Akers and the State have both identified important policies that the legislature may well have considered when drafting AS 22.15.120, the actual provisions of the statute (and the statute's limited legislative history) fail to convince us that either of these policies should be considered a paramount guide to resolving the issue presented in Akers's case.

With that, we turn to the language of AS 22.15.120 itself and the facts of Akers's case.

---

[6] AS 22.15.120(c) defines "minor offense" as (1) an offense classified by statute as an infraction or a violation; (2) an offense for which a bail forfeiture amount has been authorized by statute and established by supreme court order; or (3) a statutory offense for which a conviction cannot result in incarceration, a fine greater than $300, or the loss of a valuable license.

[7] Alaska law provides for two basic types of local government: "home-rule" municipalities and "general law" municipalities. AS 29.04.010; AS 29.04.030; *Stevens v. Matanuska-Susitna Borough*, 146 P.3d 3, 7 (Alaska App. 2006).

General law municipalities have only the powers conferred by statute. *See* AS 29.04.020; AS 29.04.030; *Libby v. Dillingham*, 612 P.2d 33, 42 (Alaska 1980). The legislature has limited the penalties that these local governments can impose for violations of their ordinances: no more than 90 days' imprisonment and a $1000 fine. AS 29.25.070(a). But home-rule municipalities, in contrast, may exercise all legislative powers not prohibited by law or by their charter. Alaska Constitution, Article X, Section 11; AS 29.04.010.

*Application of AS 22.15.120 to the facts of Akers's case*

AS 22.15.120 defines the authority of magistrate judges by affirmatively listing the types of proceedings that magistrate judges are empowered to conduct. This list of authorized proceedings is exclusive: the statute begins with the words, "A magistrate shall preside only in [the following] cases and proceedings". Thus, if AS 22.-15.120 does not affirmatively grant magistrate judges the authority to preside in a particular type of case or proceeding, magistrate judges do not have that authority.

AS 22.15.120(a)(5) authorizes magistrate judges to "give judgment of conviction" in all misdemeanor cases where a defendant pleads guilty or no contest. Subsection (5) does not expressly say "and impose sentence" — but neither do subsections (a)(6) and (a)(7). We therefore interpret subsection (a)(5) to mean that if a defendant pleads guilty or no contest in front of a magistrate judge, that magistrate judge is authorized to accept the plea and then impose sentence.

Similarly, there is no clause of AS 22.15.120 that expressly empowers magistrate judges to conduct probation revocation proceedings. But in *Kvasnikoff v. State*, 535 P.2d 464, 466 (Alaska 1975), our supreme court held that a probation revocation proceeding is a continuation of the original criminal prosecution. Thus, a magistrate judge's authority to conduct revocation proceedings would have to stem from the fact that probation is a component of the defendant's sentence — and from the fact that a probation revocation proceeding is not a new court case, but is rather a continuation of the original criminal prosecution.

Under this reasoning, if a magistrate judge had presided over Akers's original arraignment in 2012 (the arraignment where Akers pleaded guilty to the charge of driving under the influence), that magistrate judge might have had a residual authority

to hear any later probation revocation proceedings in Akers's case, even if those proceedings were contested.

We say "might" because the facts of Akers's case do not require us to reach this issue. When Akers was arraigned on the charge of driving under the influence, and when she pleaded guilty to that charge, she did not appear in front of a magistrate judge. Instead, Superior Court Judge Dwayne McConnell presided over Akers's arraignment; he was the one who accepted Akers's plea and sentenced her.

In *Trenton v. State*, 789 P.2d 178, 179 (Alaska App. 1990), this Court held that probation revocation proceedings should normally be held in front of the defendant's original sentencing judge, unless there is good reason to assign another judge. Thus, under our decision in *Trenton*, Judge McConnell was presumptively the judge to preside over Akers's later probation revocation hearings.

This brings us to the subject of Akers's first probation revocation proceeding — the one held in 2013 in front of Magistrate Judge Johnson-Edwards.

The State concedes that Akers's original guilty plea and sentencing were not handled by a magistrate judge, but the State nevertheless argues that we should uphold Magistrate Johnson-Edwards's authority to conduct the first probation revocation proceeding held in 2013.

At that first probation revocation proceeding, Akers did not contest the State's allegation that she violated the conditions of her probation. Instead, she chose to admit the probation violation as part of a plea bargain. Because of this, the State asks us to treat that first probation revocation proceeding as the legal equivalent of a criminal arraignment and the entry of a guilty plea. And based on this view of things, the State contends that Magistrate Johnson-Edwards was authorized to preside over the 2013 probation revocation proceeding under AS 22.15.120(a)(5) — the provision that

authorizes magistrate judges to enter judgement in misdemeanor prosecutions when a defendant pleads guilty or no contest.

While there is arguable logic to the State's proposal, we must reject it. There is, of course, an analogy that can be drawn between a defendant's guilty plea to a criminal charge and a defendant's admission of an alleged probation violation. But *Kvasnikoff* squarely holds that a probation proceeding is *not* a new criminal proceeding; it is a continuation of the original criminal proceeding. The fact that the State petitioned the district court to revoke Akers's probation did not mean that the State had initiated a new misdemeanor prosecution against her.

It is true that Akers did not object to having Magistrate Judge Johnson-Edwards preside over that first probation revocation proceeding in 2013. Without objection, the magistrate judge accepted Akers's admission of the probation violation, and she sentenced Akers to the agreed-upon 15 days to serve.

Akers does not challenge that 2013 revocation proceeding now, so we have no occasion to decide whether Magistrate Judge Johnson-Edwards validly presided over that proceeding. But in any event, the fact that Magistrate Johnson-Edwards presided over the 2013 proceeding did not give the magistrate judge continuing authority to preside over later probation revocation proceedings when Akers expressly objected.

*Conclusion*

The decision of the district court is REVERSED. Akers is entitled to have her probation revocation proceeding conducted by a district court judge (or by a superior court judge sitting in the district court).