NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

AGNES MARTINA TOMMY,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-13293
Trial Court No. 3SW-17-00168 CR

O P I N I O N

No. 2749 — May 26, 2023

Appeal from the District Court, Third Judicial District, Seward, George Peck, Magistrate Judge.

Appearances: Bradly A. Carlson, Attorney at Law, under contract with the Public Defender Agency, and Samantha Cherot, Public Defender, Anchorage, for the Appellant. Donald Soderstrom, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Clyde "Ed" Sniffen Jr., Acting Attorney General, Juneau, for the Appellee.

Before: Wollenberg, Harbison, and Terrell, Judges.

Judge WOLLENBERG.

Agnes Martina Tommy was convicted of two misdemeanor offenses under Alaska law following a jury trial in district court presided over by a magistrate judge. Under AS 22.15.120(a)(6), a magistrate may "hear, try, and enter judgments" in a misdemeanor case only "if the defendant consents in writing that the magistrate may try

the case." But the record does not show that Tommy consented to be tried before a magistrate judge.

On appeal, Tommy argues that her lack of consent to trial before a magistrate judge requires reversal of her convictions. Furthermore, Tommy contends that this issue can be raised for the first time on appeal because the absence of her consent deprived the court of subject matter jurisdiction, and a defect in subject matter jurisdiction can be raised at any time. In response, the State argues that Tommy's lack of consent was merely a procedural error, not a prerequisite to subject matter jurisdiction. Thus, according to the State, because Tommy did not raise this issue in the trial court, she must show plain error on appeal.

For the reasons explained in this opinion, we agree with Tommy that she can raise this issue for the first time on appeal and is not required to demonstrate plain error, although we need not strictly decide whether the issue is "jurisdictional" in nature. Instead, we conclude that AS 22.15.120(a)(6) requires the express, personal consent of the defendant, and that defense counsel's failure to raise this issue in the trial court does not waive this requirement — particularly in the absence of any indication in the record that Tommy was ever informed that her case could not be tried before a magistrate judge without her consent. We therefore reverse Tommy's convictions and remand for a new trial.

Given this resolution, we need not reach Tommy's additional claim that the State committed discovery violations and that the court erred in denying her requested remedies for these violations.

*Factual background*

In August 2017, a Seward police officer responded to a report of a woman causing a disturbance outside a restaurant. Upon arriving at the scene, the officer

encountered a woman, identified as Agnes Martina Tommy, who was "loud, yelling," and "highly intoxicated." Although the officer did not observe any crimes, Tommy was "stumbling all over the place" and was unable to provide her address or the contact information for someone who could care for her. Because Tommy appeared unable to care for herself, the officer took her into protective custody and transported her to a hospital.

According to the officer, at the hospital, Tommy continued to be agitated and aggressive, and she picked up a chair and began swinging it "every which way" before the officer pulled it from her. For this conduct, Tommy was arrested for disorderly conduct. Two officers transported Tommy to the local jail, where — according to the officers' later testimony — she again became belligerent and kicked an officer who was attempting to conduct a strip search.

Based on Tommy's conduct at the hospital and at the jail, the State charged her with two counts of fourth-degree assault, in addition to the one count of disorderly conduct.[1]

Because Tommy was charged with misdemeanor offenses under Alaska law, she was entitled to be tried before a district court judge.[2] Under AS 22.15.120(a)(6), Tommy could be tried before a magistrate judge, but only with her written consent.

Alaska Criminal Rule 5(f)(3) requires a judicial officer at a misdemeanor arraignment to "inform the defendant that the case may not be tried before a magistrate

---

[1]  AS 11.41.230(a)(3) and AS 11.61.110(a)(5)/(6), respectively.

[2]  AS 22.15.060(a)(1)(A); AS 22.15.120(a)(6). In the absence of Tommy's consent to be tried before a magistrate judge, she could be tried before either a district court judge or a superior court judge. *See* AS 22.10.020(a); Alaska R. Admin. P. 24(e) & 45(e). When we refer in this opinion to Tommy's right to be tried before a district court judge, we also intend to include superior court judges.

judge without the defendant's written consent." At Tommy's arraignment, however, the judicial officer did not inform her of this right.

Tommy also never provided written consent to be tried before a magistrate judge, as required by AS 22.15.120(a)(6). And there is no indication in the record before us that Tommy provided oral consent.

Despite this lack of consent, Tommy's case proceeded to a jury trial before a magistrate judge. The jury acquitted Tommy of fourth-degree assault for swinging the chair, but convicted her of disorderly conduct (for recklessly creating a hazardous condition for others) based on this same conduct.[3] The jury also convicted Tommy of fourth-degree assault for kicking the police officer during booking at the jail.

This appeal followed.

*The failure to comply with AS 22.15.120(a)(6) requires reversal of Tommy's convictions*

On appeal, Tommy argues that the failure to procure her written consent to trial before a magistrate judge requires reversal of her convictions.

Magistrate judges are officers of the district court, but they have more limited authority. As we previously explained in *Akers v. State*, "From the days when Alaska was a territory, and up to the present day, Alaska has relied on judicial officers who do not necessarily have formal training in the law."[4] These judicial officers have been referred to by various titles: first, "deputy magistrates," then simply "magistrates,"

---

[3] As the State notes, the judgment mistakenly indicates that Tommy was convicted of disorderly conduct under AS 11.61.110(a)(5) (challenging another to a fight), instead of AS 11.61.110(a)(6) (creating a hazardous condition), on which the jury was instructed.

[4] *Akers v. State*, 389 P.3d 65, 68 (Alaska App. 2016). Although many current magistrate judges do, in fact, have formal training in the law, formal law training is not statutorily required.

and today, "magistrate judges."[5]  Throughout the state's history, "one of the primary roles of magistrate judges has been to provide or enhance judicial services in rural locations."[6]  Indeed, "[a]s our legislature declared in 1959, magistrate judges were intended to be '[judicial officers] of limited trial power sufficient to meet the immediate requirements of justice in the less populated areas of the state.'"[7]

Alaska Statute 22.15.120 defines the authority of magistrate judges by listing the types of proceedings that they are empowered to conduct.[8]  As we explained in *Akers*, this list of authorized proceedings is exclusive.[9]  Among the list of proceedings is subsection (a)(5), which authorizes magistrate judges "to give judgment of conviction upon a plea of guilty or no contest by the defendant in a criminal proceeding within the jurisdiction of the district court" — in short, to enter judgment in all misdemeanor cases in which a defendant pleads guilty or no contest.  And subsection (a)(7) authorizes magistrate judges "to hear, try, and enter judgments" in a limited number of cases — *i.e.*, "cases involving minor offenses and violations of ordinances of political subdivisions[.]"

Tommy's case concerns subsection (a)(6).  This subsection is unique among the grants of authority contained in AS 22.15.120 because it conditions the magistrate judge's authority on the consent of the defendant:  it authorizes magistrate judges to "hear, try, and enter judgments" in all other misdemeanor cases "if the defendant

---

[5]   SLA 1959, ch. 184, § 25; SLA 1966, ch. 24, § 3; Special Orders of the Chief Justice Nos. 6305 and 6306 (Dec. 21, 2012).

[6]   *Akers*, 389 P.3d at 68.

[7]   *Id.* (quoting SLA 1959, ch. 184, § 25).

[8]   *See id.* at 69.

[9]   *Id.*; AS 22.15.120(a) (providing that "[a] magistrate shall preside only in cases and proceedings" as listed in that statute and other specifically enumerated statutes).

consents in writing that the magistrate may try the case." In other words, under this provision, a defendant charged with a misdemeanor has a statutory right to be tried before a district court judge unless they consent in writing to be tried before a magistrate judge.[10]

It is undisputed that Tommy did not expressly consent (in writing or orally) to be tried before a magistrate judge. What makes this case difficult is that Tommy did not raise this issue in the trial court. Under the general rule of preservation, a defendant must raise an objection in the trial court in order to preserve that argument for appeal.[11] A defendant who fails to raise an objection is said to have waived, forfeited, or failed to preserve the claim.[12] Thus, when a defendant raises an issue on appeal that was not raised in the trial court, the defendant must usually point to some exception to the general rule of preservation.[13]

Recognizing this requirement, Tommy argues that the failure to obtain her written consent deprived the magistrate judge of subject matter jurisdiction. Subject matter jurisdiction refers to "the legal authority of a court to hear and decide a particular type of case."[14] According to Tommy, magistrate judges do not have the legal authority

---

[10] *See* AS 22.15.060(a)(1)(A) (providing that the district court generally has jurisdiction over misdemeanor offenses).

[11] *Johnson v. State*, 328 P.3d 77, 82 (Alaska 2014) (citing *Hoffman Constr. Co. of Alaska v. U.S. Fabrication & Erection, Inc.*, 32 P.3d 346, 355 (Alaska 2001)).

[12] *See id.* at 82 n.20; *Charles v. State*, 287 P.3d 779, 781-82 (Alaska App. 2012).

[13] *See Johnson*, 328 P.3d at 82 ("[T]he general preservation rule is not absolute, and it is subject to prudential exceptions, such as the plain error doctrine." (citations omitted)).

[14] *Northwest Med. Imaging, Inc. v. State, Dep't of Revenue*, 151 P.3d 434, 438 (Alaska 2006) (quoting Erwin Chemerinsky, *Federal Jurisdiction*, at 257 (3d ed.1999)); *see also State v. W.P.*, 349 P.3d 181, 185 (Alaska App. 2015) (defining subject matter jurisdiction as
(continued...)

to try misdemeanor cases unless the defendant consents in writing. And because a defect in subject matter jurisdiction can be raised at any time, Tommy argues that the failure to obtain her written consent requires reversal of her convictions regardless of her failure to object to this defect in the trial court.[15]

The State responds that a magistrate judge is an officer of the district court, and that district courts have general jurisdiction over misdemeanors.[16] The State argues that subject matter jurisdiction adheres to the court, not the type of judicial officer, and that the written consent requirement of AS 22.15.120(a)(6) should therefore be treated as a procedural requirement, not a prerequisite to subject matter jurisdiction.

There is support for Tommy's position in federal cases construing an analogous provision. Under 18 U.S.C. § 3401, a United States magistrate judge has "jurisdiction to try persons accused of . . . misdemeanors," but may not do so "unless the defendant" — after an explanation of the right to be tried by a district judge — "expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge."[17] Given this statutory language, federal cases have characterized the provision as governing the magistrate's

---

[14] (...continued)
"the court's legal authority to hear and decide a particular type of case").

[15] *Robertson v. Riplett*, 194 P.3d 382, 386 (Alaska 2008) ("Subject matter jurisdiction . . . may be raised at any stage of the litigation and if noticed must be raised by the court if not raised by the parties." (citations omitted)).

[16] *See* AS 22.15.060(a)(1).

[17] 18 U.S.C. § 3401(a)-(b).

"jurisdiction" to preside over, or enter judgment in, a misdemeanor case — and have reversed when the defendant's express consent was lacking.[18]

But regardless of whether we characterize the magistrate judge's authority as one of "jurisdiction" — or rather, as deriving from the defendant's express consent — we agree with Tommy that the failure to obtain her consent requires reversal of her convictions.

We take guidance from the Alaska Supreme Court's decision in *Morgan v. State*.[19] In *Morgan*, the defendant's peremptory challenge of the assigned judge under Alaska Criminal Rule 25 was denied as untimely. Following this denial, the defendant pleaded guilty. The defendant subsequently moved to withdraw his pleas, arguing that,

---

[18] *See, e.g.*, *United States v. Colacurcio*, 84 F.3d 326, 328-29 (9th Cir. 1996) (recognizing that, by statute, a magistrate judge only has authority to conduct a probation revocation hearing in a misdemeanor case if, *inter alia*, the defendant consents and vacating order revoking probation in the absence of consent); *N.L.R.B. v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1415-16 (9th Cir. 1994) (recognizing that "federal magistrates are creatures of statute, and so is their jurisdiction. We cannot augment it; we cannot ask them to do something Congress has not authorized them to do," and reversing criminal trial proceedings before a magistrate based on the absence of consent); *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 907-08 (3d Cir. 1992) (stating that 18 U.S.C. § 3401(b) "explicitly provides that 'the magistrate's criminal trial jurisdiction depends on the defendant's specific, written consent,'" and reversing defendant's contempt convictions because the defendant did not consent to be tried by the magistrate judge (citations omitted)); *see also United States v. Bryson*, 981 F.2d 720, 723 (4th Cir. 1992) (stating that federal law "gives a magistrate judge, when designated by the district court, jurisdiction to try and sentence" those accused of a misdemeanor, so long as the defendant consents); *United States v. Vasquez*, 74 F. Supp. 2d 964, 966 (S.D. Cal. 1999) (stating that § 3401(b) "accord[s] magistrate judges jurisdiction to conduct trials and enter sentences for misdemeanors with the consent of the parties").

[19] *Morgan v. State*, 635 P.2d 472 (Alaska 1981).

because his peremptory challenge of the judge was improperly denied, the superior court lacked jurisdiction to accept his pleas. The superior court denied his motion.[20]

On appeal, the supreme court agreed with the defendant that his peremptory challenge was improperly denied. But the State argued that regardless of whether the challenge was improperly denied, the defendant had waived the issue by pleading guilty. In response, the defendant argued, much like Tommy does in this appeal, that peremption as of right was "a matter of jurisdiction and not merely of procedure."[21]

The supreme court found "little advantage in resorting to the labels of personal and subject matter jurisdiction" because "[t]he peremptory challenge right does not fall easily within either classification":

> Although a valid peremptory challenge does negate the authority of a particular judge to preside over a particular case, it affects neither the personal nor the subject matter jurisdiction of the court; another judge of the same court may exercise both types of jurisdiction unaffected by the challenge.[22]

The supreme court therefore concluded that the "more useful inquiry is whether or not the peremptory challenge may be waived, and whether the waiver need be express."[23]

---

[20] *Id.* at 474.

[21] *Id.* at 478.

[22] *Id.* at 479.

[23] *Id.* The supreme court ultimately determined that the right to peremptorily challenge a judge was sufficiently weighty that defendants should have the right to immediately appeal the denial of such a challenge. *Id.* at 480. The supreme court further held that since the defendant himself had not been aware of the new rule, and since he had established manifest injustice from the denial of his peremptory challenge, he should be permitted to withdraw his plea. *Id.* at 481 & n.17.

That same approach makes sense here. Rather than asking whether Tommy's lack of consent deprived the magistrate judge of jurisdiction, we instead ask whether the defendant's right to be tried before a district court judge can be waived, and whether that waiver needs to be express.[24] Once the question is framed in this way, the answer becomes obvious: under AS 22.15.120(a)(6), a defendant's right to be tried before a district court judge can only be waived by the express consent of the defendant to trial before a magistrate judge.

We note that the requirement of a defendant's express consent is not anomalous. Alaska courts have long held that certain rights are personal to the defendant and cannot be waived or forfeited by the actions of counsel. In *Walker v. State*, for example, the supreme court held that the constitutional right to trial by jury requires that the trial court personally address the defendant and that the failure to do so is "error per se."[25] Alaska courts have also recognized that when a right is personal to the defendant, it cannot be waived by counsel's failure to object, as this would allow an attorney to "accomplish by silence what he had no authority to do by words."[26]

---

[24] As both this Court and the Alaska Supreme Court have recognized, the term "waiver" is ambiguous because it "fails to distinguish between two types of cases: those involving a mere failure to object, and those involving the knowing and willful relinquishment of a right." *Johnson v. State*, 328 P.3d 77, 82 n.20 (Alaska 2014) (citing *Charles v. State*, 287 P.3d 779, 781 (Alaska App. 2012)). *Morgan* uses the general term "waiver" to refer to both concepts, and distinguishes between the two by referring to "implied" waiver (*i.e.*, a mere failure to object), and "express" waiver (*i.e.*, a knowing and willful relinquishment of a right). Because we rely on *Morgan* here, we use the same terminology, although the term "implied waiver" should be understood to mean "forfeiture."

[25] *Walker v. State*, 578 P.2d 1388, 1389-90 (Alaska 1978); *see also* Alaska R. Crim. P. 23(a) (requiring an express waiver by the defendant of the right to a jury trial).

[26] *Lee v. State*, 509 P.2d 1088, 1091-92 (Alaska 1973).

Of course, the right to be tried before a district court judge derives from statute, rather than the constitution. In interpreting a statute, our role is to "ascertain the legislature's intent and then to construe the statute so as to implement that intent."[27] As the legislature acknowledged in enacting AS 22.15.120(a)(6), magistrate judges serve an important role in enhancing access to judicial services, particularly in rural locations. But as we recognized in *Akers*, the legislature's inclusion of the consent requirement "underscores its declared intention of limiting the authority of magistrates to conduct certain contested proceedings."[28]

There are policy reasons for the legislature's limitation of the magistrate judge's authority: district court judges are required to have engaged in the active practice of law for at least three years, or to have served as a magistrate judge for at least seven years and be a law school graduate.[29] Magistrate judges, by contrast, are only required to be United States citizens, residents of Alaska, and at least twenty-one years old, and they are not required by statute to have formal training in the law.[30]

In order to balance the need to enhance access to judicial services with a defendant's interest in being tried before a judge trained in the practice of law, the legislature required that defendants provide their express consent before they are tried on misdemeanor offenses before a magistrate. To hold that this requirement can be waived through the mere inaction of counsel would frustrate the clear intent of the

---

[27] *Brown v. State*, 404 P.3d 191, 193 (Alaska App. 2017) (citations omitted).

[28] *Akers v. State*, 389 P.3d 65, 68 (Alaska App. 2016).

[29] AS 22.15.160(a); Alaska R. Admin. P. 19.1.

[30] AS 22.15.160(b); *Akers*, 389 P.3d at 68 & n.5.

legislature — it would allow an attorney to "accomplish by silence what he had no authority to do by words."[31]

The State argues that Tommy "implicitly consented" to having the magistrate judge preside over her trial by participating in pretrial proceedings and in trial before the magistrate. But unlike the peremptory challenge statute — under which a defendant waives the right to peremptorily challenge a judge if the defendant participates in certain hearings before a judge, knowing that the judge has been permanently assigned to the case[32] — AS 22.15.120(a)(6) requires the defendant's express and personal consent to be a tried before a magistrate. (Indeed, in *Akers*, we held that the defendant was entitled to appear before a district court judge for her contested misdemeanor probation revocation proceeding, even though she had appeared before the same magistrate judge for her prior probation revocation proceeding without objection.[33]) Moreover, the absence of Tommy's express consent is particularly problematic here, where there is no indication that Tommy was ever informed of her right to be tried before a district court judge and waived the right in light of that knowledge.[34]

As the Third Circuit stated when construing the analogous federal provision:

> Although failure to raise an objection in the first instance
> ordinarily waives the right to raise the matter on appeal,

---

[31]  *Lee*, 509 P.2d at 1091.

[32]  Alaska R. Crim. P. 25(d)(5).

[33]  *Akers*, 389 P.3d at 70.

[34]  *Cf. Roell v. Withrow*, 538 U.S. 580, 587 n.5 (2003) (interpreting a federal statute authorizing magistrate judges to conduct proceedings in a civil matter "upon the consent of the parties," and concluding that "[c]ertainly, notification of the right to refuse the magistrate judge is a prerequisite to any inference of consent").

Congress has specified that criminal defendants must give their express, written consent to trial before a magistrate judge. Therefore, cases inferring waiver of rights from a criminal defendant's failure to object do not apply here. To hold that a criminal defendant may waive the Act's consent requirement implicitly is to ignore Congress's insistence upon explicit, written consent.[35]

For the same reason, we conclude that the failure to obtain Tommy's express consent to be tried before a magistrate judge requires reversal of her convictions, regardless of the fact that the issue was not raised in the trial court.

Finally, we note that by its terms, AS 22.15.120(a)(6) requires "consent[] in writing." Here, however, the record shows that there was *no* consent, written or otherwise. We therefore need not decide whether a failure to obtain written consent would require reversal if the defendant consented orally on the record.[36]

---

[35] *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 908 (3d Cir. 1992). The United States Supreme Court has never squarely confronted the question of whether the consent requirement of 18 U.S.C. § 3401(b) is jurisdictional, such that implied consent is insufficient. But the Court has addressed analogous federal statutes that authorize magistrate judges to conduct a civil trial and other proceedings in a criminal context, like voir dire. In doing so, the Court has implied that the statutes governing proceedings other than a full criminal misdemeanor trial require less stringent forms of consent. *See Gonzalez v. United States*, 553 U.S. 242, 247, 252 (2008) (contrasting 18 U.S.C. § 3401, which requires the "express, personal consent of the defendant" for a magistrate judge to preside over a misdemeanor trial, with the federal statute governing civil cases, under which a party may authorize a full-time magistrate judge to preside over a civil trial via implied consent (citing *Roell*, 538 U.S. at 590)).

[36] *Cf. Walker v. State*, 578 P.2d 1388, 1390 (Alaska 1978) (noting that under Alaska Criminal Rule 23(b), which requires a written waiver for a trial by a jury of less than twelve members, "oral consent may be substituted for written").

*Tommy's claim of discovery violations*

Tommy raises one additional point on appeal. Tommy argues that the magistrate judge erred in declining to order the remedies her attorney requested for the State's failure to disclose two items prior to trial — a use-of-force incident report created by the officer whom Tommy was accused of kicking at the jail and a video recording that captured that incident. Because we are remanding Tommy's case for a new trial, we do not address this discovery issue.

*Conclusion*

We REVERSE the judgment of the district court.